**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**UNITED STATES OF AMERICA**,

v.

**WILMINGTON TRUST CORP.,**
**DAVID GIBSON,**
**ROBERT V.A. HARRA,**
**WILLIAM B. NORTH**, and
**KEVYN N. RAKOWSKI,**
   Defendants.

Criminal Action No. 15-23-RGA

## ADDITIONAL PROPOSED JURY INSTRUCTIONS

  The United States respectfully submits the following additional jury instructions.  The United States reserves the right to request a modification of the instructions herein provided or to request additional instructions suggested by the evidence.

Respectfully Submitted,

DAVID C. WEISS
Acting United States Attorney

By:       /s/     
Robert F. Kravetz
Lesley F. Wolf
Jamie M. McCall
Assistant United States Attorneys

Dated:  September 15, 2017

## TABLE OF CONTENTS

PRELIMINARY INSTRUCTIONS .................................................................................. 1

  Conduct of the Jury ................................................................................................... 1

  Description of Trial Proceedings ............................................................................... 4

  Evidence (What Is; Is Not) ........................................................................................ 6

  Nature of the Indictment ........................................................................................... 9

  Summary of Applicable Law ..................................................................................... 10

    1.   Conspiracy to Defraud the United States, Commit Securities Fraud, and Make False
    Statements to Regulators (Count One) .................................................................. 10

    2.   Securities Fraud (Count Two) ................................................................................ 11

    3.   Making False Statements in Documents Required to be Filed with the Securities and
    Exchange Commission (Counts Three, Four, and Six) .......................................... 11

    4.   Making False Statements to the Securities Exchange Commission and the Federal
    Reserve (Counts Five and Eleven to Sixteen). ..................................................... 12

    5.   Making False Entries in Federal Banking Records (Counts Seven to Ten) .................. 13

    6.   Making False Certifications in Financial Reports (Counts Seventeen to Nineteen) ...... 13

  Nature of the Indictment ........................................................................................... 15

  Corporate Criminal Responsibility ............................................................................ 16

INSTRUCTIONS PRIOR TO CLOSING ARGUMENTS ........................................... 17

FINAL INSTRUCTIONS ............................................................................................. 18

  Not All Evidence, Not All Witnesses Needed ............................................................ 18

  On or About/In or Around ......................................................................................... 19

  Stipulations of Fact and Testimony [if applicable] .................................................... 20

THE CHARGES ........................................................................................................... 21

  Elements of the Offenses Charged ........................................................................... 21

COUNT ONE: .............................................................................................................. 22

  CONSPIRACY TO DEFRAUD THE UNITED STATES OR TO COMMIT AN OFFENSE AGAINST THE
  UNITED STATES ........................................................................................................ 22

    Basic Elements (18 U.S.C. § 371) ........................................................................ 22

  Conspiracy – Existence of an Agreement .................................................................. 24

  Conspiracy – Membership in the Agreement ............................................................. 26

  Conspiracy – Mental States ...................................................................................... 27

  Conspiracy – Overt Acts ........................................................................................... 29

Conspiracy – Corporate Defendant ........................................................................ 32

Conspiracy – Success Immaterial ........................................................................... 33

Conspiracy – Acts and Statements of Co-Conspirators ......................................... 34

Responsibility For Substantive Offenses Committed By Co-Conspirators
(*Pinkerton* Liability) ............................................................................................... 35

COUNT TWO: ............................................................................................................... 38

SECURITIES FRAUD ................................................................................................ 38

Basic Elements ......................................................................................................... 38

Securities Fraud:  Scheme-Based Liability ........................................................... 39

"Scheme to Defraud or to Obtain Money or Property" Defined ............................. 40

"Security" Defined .................................................................................................. 44

"Issuer of Securities" ............................................................................................. 45

"In Connection With" Defined ............................................................................... 46

"Intent to Defraud" ................................................................................................. 47

SECURITIES FRAUD:  FALSE OR FRAUDULENT REPRESENTATIONS ......................... 48

COUNT THREE, FOUR, and SIX: ................................................................................. 50

MAKING A FALSE STATEMENT IN DOCUMENTS REQUIRED TO BE FILED WITH THE SECURITIES
AND EXCHANGE COMMISSION ................................................................................ 50

Basic Elements ......................................................................................................... 50

"Knowingly and Willfully" Defined ........................................................................ 51

"Application, Report, or Document required to be filed with the Securities and Exchange
Commission" ............................................................................................................. 52

"Intent to Deceive, Manipulate, or Defraud" Defined ............................................ 53

COUNT FIVE and ELEVEN to SIXTEEN: ...................................................................... 54

MAKING FALSE STATEMENTS TO THE SECURITIES AND ........................................... 54

EXCHANGE COMMISSION AND TO THE FEDERAL RESERVE ....................................... 54

Basic Elements ......................................................................................................... 54

"False Statement" Defined ..................................................................................... 55

"Knowingly" ............................................................................................................ 56

"Willfully" ............................................................................................................... 57

"Material Fact" Defined .......................................................................................... 58

Within the Jurisdiction of Executive Branch of the United States .......................... 59

COUNTS SEVEN TO TEN ......................................................................................... 60

iii

MAKING FALSE ENTRIES IN FEDERAL BANKING RECORDS ............................................... 60

   Basic Elements ............................................................................................................... 60

"False Entry" Defined ......................................................................................................... 61

"The Defendant 'Knew' the Entry was False" ...................................................................... 62

"Material Fact" Defined ...................................................................................................... 63

"Intent to Deceive" Defined ................................................................................................ 64

COUNTS SEVENTEEN TO NINETEEN ................................................................................. 65

MAKING FALSE CERTIFICATIONS IN FINANCIAL REPORTS .............................................. 65

   Basic Elements ............................................................................................................... 65

"Issuer of Securities" .......................................................................................................... 66

The Requirement of a Written Certification ........................................................................ 67

"False Certification" Defined .............................................................................................. 68

"The Defendant 'Knew' the Certification was False" ............................................................ 69

Federal Banking and Securities Laws, Regulations, Rules, and Customs and Practices .......... 70

Call Report ......................................................................................................................... 71

   "Past Due" Defined Under the Call Report Instructions ................................................... 71

Securities Filings ................................................................................................................ 73

   "Past Due" Status in the Management's Discussion and Analysis Section of SEC Reports 73

Reporting of Past Due Accounting Policy in Financial Statements ........................................ 75

Testimony of Mr. Donald Walker ........................................................................................ 76

Testimony of Mr. Douglas Carpenter ................................................................................... 77

Testimony of Mr. Neil Librock ........................................................................................... 78

Testimony of Alan Hess ...................................................................................................... 79

Opinion Evidence (Lay Witnesses) (F.R.E. 701) [if applicable] ............................................ 80

Accomplice Liability: Aiding and Abetting (18 U.S.C. § 2(a)) ............................................. 81

Corporate Criminal Responsibility ...................................................................................... 84

Personal Criminal Responsibility of a Corporate Agent ....................................................... 87

Motive Explained ............................................................................................................... 88

Summaries - Underlying Evidence Admitted ........................................................................ 89

Summaries – Underlying Evidence Not Admitted (F.R.E. 1006) ........................................... 90

Specific Investigation Techniques Not Required ................................................................... 91

Defendant's Choice Not to Testify or Present Evidence [if applicable] ................................... 92

Defendant's Testimony [if applicable] .................................................................................. 93

Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b)) [if applicable]..................................... 94

Prior Statement of Non-testifying Defendant in Multi-Defendant Trial [if applicable]............ 96

Willful Blindness................................................................................................................. 97

Other Lawful Actions Not Relevant......................................................................................... 99

## PRELIMINARY INSTRUCTIONS

### Conduct of the Jury

Here are some important rules about your conduct as jurors:

(1) Keep an open mind.  Do not make up your mind about the verdict until you have

heard all of the evidence, and I have given final instructions about the law at the end of the trial,

and you have discussed the case with your fellow jurors during your deliberations.

 (2) Do not discuss the case among yourselves until the end of the trial when you retire to

the jury room to deliberate.  You need to allow each juror the opportunity to keep an open mind

throughout the entire trial.  During trial you may talk with your fellow jurors about anything else

of a personal nature or of common interest.

(3) During the trial you should not speak to any of the parties, lawyers, or witnesses

involved in this case, not even to pass the time of day.  If any lawyer, party, or witness does not

speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they

are not supposed to talk or visit with you, either.

(4) Do not talk with anyone else or listen to others talk about this case until the trial has

ended and you have been discharged as jurors.  It is important not only that you do justice in this

case, but that you give the appearance of justice.  If anyone should try to talk to you about the

case during the trial, please report that to me, through my courtroom deputy, immediately.  Do

not discuss this situation with any other juror.

(5) Do not discuss the case with anyone outside the courtroom or at home, including your

family and friends.  You may tell your family or friends that you have been selected as a juror in

a case and you may tell them how long the trial is expected to last.   However, you should also

tell them that the judge instructed you not to talk any more about the case and that they should

1

not talk to you about it.  The reason for this is that sometimes someoe else's thoughts can influence you.  Your thinking should be influenced only by what you learn in the courtroom.

(6) Until the trial is over and your verdict is announced, do not watch or listen to any television or radio news programs or reports about the case, or read any news or internet stories or articles about the case, or about anyone involved with it.

(7) Do not use a computer, cellular phone, other electronic devices or tools of technology while in the courtroom or during deliberations.  These devices may be used during breaks or recesses for personal uses, but may not be used to obtain or disclose information about this case.  You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Google+, Facebook, LinkedIn, and YouTube.  You may not use any similar technology of social media, even if I have not specifically mentioned it.

(8) Do not do any research or make any investigation on your own about any matters relating to this case or this type of case.  This means, for example, that you must not visit the scene, conduct experiments, consult reference works or dictionaries, or search the internet, websites or blogs for additional information, or use a computer, cellular phone, or other electronic devices or tools of technology, or any other method, to obtain information about this case, this type of case, the parties in this case, or anyone else involved in this case.  Please do not try to find out information from any source outside the confines of this courtroom.  You must decide this case based only on the evidence presented in the courtroom and my instructions about the law.  It would be improper for you to try to supplement that information on your own.

(9) Finally, you should not concern yourselves with or consider the possible punishment that might be imposed if you return a verdict of guilty.[1]

---

[1] Model Criminal Jury Instructions, 3d Circuit, § 1.03 (modified)

**Description of Trial Proceedings**

The trial will proceed in the following manner.  First:  The parties will have an opportunity to make opening statements to you.  The prosecutor may make an opening statement at the beginning of the case.  A defendant may make an opening statement after the prosecutor's opening statement or may postpone the making of an opening statement until after the government finishes presenting its evidence.  A defendant is not required to make an opening statement.  The opening statements are simply an outline to help you understand what each party expects the evidence to show.  What is said in the opening statements is not itself evidence.

Second:  After opening statements, the government will introduce the evidence that it thinks proves the charges stated in the indictment.  The government will present witnesses and the defendant may cross-examine those witnesses.  The government may also offer documents and other exhibits into evidence.

Third:  After the government has presented its evidence, a defendant may present evidence, but he or she is not required to do so.  As I will tell you many times during this trial, the government always has the burden or obligation to prove each and every element of the offense charged beyond a reasonable doubt.  A defendant is presumed to be innocent of the charges.  The law never imposes on a defendant in a criminal case the burden of proving his or her innocence by calling any witnesses, producing any exhibits, or introducing any evidence.

Fourth:  After all of the evidence has been presented, the parties will have the opportunity to present closing arguments.   Closing arguments are designed to present to you the parties' theories about what the evidence has shown and what conclusions may be drawn from the evidence.  What is said in closing arguments is not evidence, just as what is said in the opening statements is not evidence.

Fifth:  After you have heard the closing arguments, I will give you orally [and in writing] the final instructions concerning the law that you must apply to the evidence presented during the trial.  As I am doing now, I may also give you instructions on certain aspects of the law throughout the trial, as well as at the end of the trial.

Sixth:  After my final instructions on the law, you will retire to consider your verdict. Your deliberations are secret.  You will not be required to explain your verdict to anyone.  Your verdict must be unanimous; all twelve of you must agree to it.

You must keep your minds open during this trial.  Do not make up your mind about any of the questions in this case until you have heard each piece of evidence and all of the law which you must apply to that evidence, in other words, until you begin your deliberations.[2]

---

[2] Model Criminal Jury Instructions, 3d Circuit, § 1.07 (modified)

**Evidence (What Is; Is Not)**

You must make your decision in this case based only on the evidence that you see and hear in the courtroom.  Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

The evidence from which you are to find the facts consists of the following:

(1) The testimony of the witnesses;

(2) Documents and other things received as exhibits; and

(3) Any fact or testimony that is stipulated; that is, formally agreed to by the parties.

The following are not evidence:

(1) Statements and arguments of the lawyers for the parties in this case or statements and arguments by the defendant himself unless he is testifying under oath;

(2) Questions by the lawyers or the defendant and questions that I might ask.  You must not assume that a fact is true just because the prosecutor, the defendant, or I ask a question about it.  It is the witness' answers that are evidence.  Of course, you may need to consider the question to know what a witness means by his or her answer.  For example, if a witness answers yes to a question, you will have to consider the question to understand what the witness is saying.

(3) Objections by lawyers or by the defendant, including objections in which the lawyers or the defendant state facts;

(4) Any testimony I strike or tell you to disregard; and

(5) Anything you may see or hear about this case outside the courtroom.    You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience and common sense tell you that certain evidence reasonably leads to a conclusion, you may reach that conclusion.

The rules of evidence control what can be received into evidence. When a party asks a question or offers an exhibit into evidence, and the party on the other side thinks that it is not permitted by the rules of evidence, that party may object.  An objection simply means that the party is asking me to decide whether the evidence should be allowed under the rules.  You should not be influenced by the fact that an objection is made.

You should also not be influenced by my rulings on objections to evidence.  If I overrule an objection, the question may be answered or the exhibit may be received as evidence, and you should treat the testimony or exhibit like any other.  I may allow evidence (testimony or exhibits) only for a limited purpose.  If I do that, I will instruct you to consider the evidence only for that limited purpose, and you must follow that instruction.

If I sustain an objection, the question will not be answered or the exhibit will not be received as evidence.  Whenever I sustain an objection, you must disregard the question or the exhibit entirely.  Do not think about or guess what the witness might have said in answer to the question; do not think about or guess what the exhibit might have shown.  Sometimes a witness may have already answered before a party objects or before I rule on the objection.  If that happens and if I sustain the objection, you should disregard the answer that was given.

Also, I may order that some testimony or other evidence be stricken or removed from the record.  If I do that, I will instruct you to disregard that evidence.  That means, when you are deciding the case, you must not consider or be influenced in any way by the testimony or other evidence that I told you to disregard.

Although the prosecutor or the defendant may call your attention to certain facts or factual conclusions that they think are important, what the prosecutor says is not evidence and is not binding on you, and what the defendant says is not evidence unless he is put under oath and

testifies.  It is your own recollection and interpretation of the evidence that controls your

decision.  Also, do not assume from anything I do or say during the trial that I have any opinion

about the evidence or about any of the issues in this case or about what your verdict should be.[3]

---

[3] Model Criminal Jury Instructions, 3d Circuit, § 1.08 (modified)

**Nature of the Indictment**

The government has charged Defendants with violating federal law, and has specifically charged each of the Defendants with the following offenses:

- Conspiracy to Defraud the United States, Commit Securities Fraud, and Make False Statements to Regulators (Count One);

- Securities Fraud (Count Two)

- Making False Statements in Documents Required to be Filed with the Securities and Exchange Commission (Counts Three, Four, and Six)

- Making False Statements to the Securities Exchange Commission and the Federal Reserve (Counts Five and Eleven to Sixteen).

- Making False Entries in Banking Records (Counts Seven to Ten)

In addition, Defendant David Gibson has been charged with Making False Certifications in Financial Reports (Counts Seventeen to Nineteen).

The charges against the Defendants are contained in the indictment. An indictment is just the formal way of specifying the exact crimes the Defendants are accused of committing. It is an accusation only. An indictment is not evidence of anything, and you should not give any weight to the fact that the Defendants have been indicted in making your decision in this case.[4]

---

[4] Model Criminal Jury Instructions, 3d Circuit, § 1.11 (modified)

**Summary of Applicable Law**

To help you follow the evidence, I will now give you a brief summary of the elements of the offenses alleged in the indictment, each of which the government must prove beyond a reasonable doubt, in order to convict the defendant of the offense charged.

### 1. Conspiracy to Defraud the United States, Commit Securities Fraud, and Make False Statements to Regulators (Count One)

Count One charges the defendants with conspiracy to defraud the United States, to commit securities fraud, and to make false statements to the Securities and Exchange Commission and the Federal Reserves.  The government must prove the following elements of Count One beyond a reasonable doubt:

First:  That two or more persons agreed to commit an offense against the United States, or to defraud the United States as charged in the indictment.  "Defraud the United States" means to obstruct or interfere with one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means;

Second:  That the Defendant was a party to or member of that agreement;

Third:  That the Defendant joined the agreement or conspiracy knowing of its objectives to commit an offense against the United States or to Defraud the United States and intending to join together with at least one other alleged conspirator to achieve those objective(s);that is, that the Defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve common goals or objectives, to commit an offense against the United States; and

Fourth:  That at some time during the existence of the agreement or conspiracy, at

10

least one of its members performed an overt act in order to further the objectives of the agreement.[5]

## 2.  Securities Fraud (Count Two)

Count Two charges the defendants with securities fraud.  The government must prove the following elements of Count Two beyond a reasonable doubt:

First, the defendant employed a device, scheme, or artifice to defraud any person <u>or</u> made any false or fraudulent pretenses, representations or promises with the purpose to obtain any money or property;

Second, the fraud scheme or false or fraudulent pretenses, representations, or promises were employed in connection with any security;

Third, the Security was registered under a national exchange or required to file reports under the Securities Exchange Act; and

Fourth, the defendant acted with an intent to defraud.[6]

## 3.  Making False Statements in Documents Required to be Filed with the Securities and Exchange Commission (Counts Three, Four, and Six)

Counts Three, Four and Six charge the defendants with making false statements in documents required to be filed with the Securities and Exchange Commission.  The government must prove the following elements of Counts Three, Four, and Six as to each defendant beyond a reasonable doubt:

---

[5] Model Criminal Jury Instructions, 3d Circuit, § 6.18.371A and B (modified as to include both prongs of a violation of 18 U.S.C. § 1348).

[6] *United States v. Melvin*, 143 F. Supp. 3d 1354, 1371-72 (N.D. Ga. 2015); *United States v. Motz,* 652 F.Supp.2d 284, 295 (E.D.N.Y.2009).

First, the Defendant knowingly and willfully made, or caused to be made, any false or fraudulent statement in an application, report, or document required to be filed with the Securities and Exchange Commission;

Second, the Defendant did so with the intent to deceive, manipulate, or defraud; and

Third, the statement was false or misleading with respect to any material fact.[7]

### 4. Making False Statements to the Securities Exchange Commission and the Federal Reserve (Counts Five and Eleven to Sixteen).

Counts Five and Eleven to Sixteen charge the defendants with making materially false statements to the Securities and Exchange Commission and the Federal Reserve.  The government must prove the following elements of Counts Five and Eleven to Sixteen as to each defendant beyond a reasonable doubt:

First, that the Defendant made a statement or representation;

Second, that the statement or representation was false;

Third, that the false statement was made knowingly and willfully;

Fourth, that the statement or representation was material; and

Fifth, that the statement or representation was made in a matter within the jurisdiction of the Executive Branch of the United States.[8]

---

[7] 15 U.S.C. § 78ff(a);  *See United States v. Kaiser*, 609 F.3d 556, 568 (2d Cir. 2010); *United States v. Tarallo*, 380 F.3d 1174, 1188 (9th Cir. 2004); *United States v. O'Hagan*, 139 F.3d 641, 647 (8th Cir. 1998).]

[8] *United States v. Moyer*, 674 F.3d 192, 213 (3d Cir. 2012

### 5. Making False Entries in Federal Banking Records (Counts Seven to Ten)

Counts Seven to Ten charge the defendants with making false entries in federal banking records. The government must prove the following elements of Counts Seven to Ten as to each defendant beyond a reasonable doubt:

First, that the Defendant made or caused to be made a false entry concerning a material fact in the books or records of Wilmington Trust;

Second, that Wilmington Trust was a member bank of the Federal Reserve System or insured by the Federal Deposit Insurance Corporation;

Third, that the Defendant knew that the entry made was false; and

Fourth, that the Defendant made the false entry with the intent to deceive any agent or examiner appointed to examine the affairs of such bank, or the Board of Governors of the Federal Reserve System.[9]

### 6. Making False Certifications in Financial Reports (Counts Seventeen to Nineteen)

Defendant David Gibson is charged in Counts Seventeen to Nineteen with making False Certifications in Financial Reports. In order to prove that Mr. Gibson committed the offenses charged in Counts Seventeen to Nineteen of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, Wilmington Trust was an issuer of securities which filed periodic reports with the SEC;

Second, that the particular periodic report at issue required Mr. Gibson, the Chief Financial Officer of Wilmington Trust, to execute a written certification accompanying

---

[9] 18 U.S.C. § 1005(3), 2A Fed. Jury Prac. & Instr. § 41:03 (6th ed. August 2017 update)

the period report in accordance with Sections 13(a) or 15(d) of the Securities Exchange

Act of 1934;

Third, that Mr. Gibson certified that the periodic report fairly presents, in all

material respects, the financial condition and results of operations of Wilmington Trust;

Fourth, that the certification was false; and

Fifth, Mr. Gibson knew that the certifications were false.[10]

What I have just told you is only a preliminary outline of the elements of the offense

charged as to the defendant.  At the end of trial, I will give you final instructions on the elements

of the offenses charged and on other matters of law.  Those final instructions will be more

detailed; they will guide you in reaching your verdict in this case.[11]

---

[10] 18 U.S.C. § 1350

[11] Model Criminal Jury Instructions, 3d Circuit, § 1.12 (modified with addition of elements )

**Nature of the Indictment**

As you know, each of the Defendants is charged with the following offenses:

- Conspiracy to Defraud the United States, Commit Securities Fraud, and Make False Statements to Regulators (Count One);

- Securities Fraud (Count Two)

- Making False Statements in Documents Required to be Filed with the Securities and Exchange Commission (Counts Three, Four, and Six)

- Making False Statements to the Securities Exchange Commission and the Federal Reserve (Counts Five and Eleven to Sixteen).

- Making False Entries in Banking Records (Counts Seven to Ten)

In addition, Defendant David Gibson has been charged with Making False Certifications in Financial Reports (Counts Seventeen to Nineteen).

As I explained at the beginning of trial, an indictment is just the formal way of specifying the crimes the defendant is accused of committing.  It is an accusation only.  An indictment is not evidence of anything, and you should not give any weight to the fact that a defendant has been indicted in making your decision in this case.[12]

---

[12] Model Criminal Jury Instructions, 3d Circuit, § 3.07

**Corporate Criminal Responsibility**

The defendant Wilmington Trust Corporation is a corporation.  A corporation is a legal entity that may act only through individuals who are called its agents.  The agents of a corporation are its officers, directors, employees, and other persons who are authorized by the corporation to act for it.

You may find a corporate defendant guilty or not guilty of the offenses charged under the same instructions that apply to an individual defendant.  You must give to a corporate defendant the same impartial consideration of the evidence that you would give to any individual.

The legal responsibility of a corporation, if any, is based on the conduct of its agents.  To find Wilmington Trust Corporation guilty of the offenses charged, you will need to find that the government proved beyond a reasonable doubt that each of the elements of each offense was committed by an officer, director, employee, or some other agent of Wilmington Trust Corporation, and that this person committed those elements within the course and scope of his or her employment or agency and that this person committed those elements with the intent to benefit Wilmington Trust Corporation.

This is only a preliminary outline of corporate criminal responsibility.  At the end of the trial, I will give you final instructions on corporate criminal responsibility and on other matters of law.  Those final instructions will be more detailed; they will guide you in reaching your verdict in this case.[13]

---

[13] Model Criminal Jury Instructions, 3d Circuit, § 1.19

## **INSTRUCTIONS PRIOR TO CLOSING ARGUMENTS**

Members of the jury, you have heard and seen all the evidence in this case.  Shortly, the parties will have the opportunity to present their closing arguments.  Under the Rules of Criminal Procedure, the government will argue first, then the Defendants will present their closing arguments, and finally the government may, if it chooses, argue in response or in rebuttal to the Defendants' arguments.

Closing arguments are designed to present to you the parties' theories about what the evidence has shown and what conclusions may be drawn from the evidence.  Remember, what is said in closing arguments is not evidence.  You have already heard and seen all the evidence in this case.

Before the parties present their closing arguments, I will give you my final instructions concerning the law that you must apply to the evidence in reaching your verdict.  Although the parties may mention points of law in their closing arguments, the law that you must follow in reaching your verdict is the law that I give you in my final instructions.  If there is any difference between what the parties say about the law and what I tell you in my final instructions, you must follow my instructions.[14]

---

[14] Model Criminal Jury Instructions, 3d Circuit, § 2.37

## <u>FINAL INSTRUCTIONS</u>

### Not All Evidence, Not All Witnesses Needed

Although the government is required to prove the defendant guilty beyond a reasonable doubt, the government is not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.

[*In this case, the defendant(s) presented evidence and produced witnesses.  The defendant(s) is/are not required to present all possible evidence related to the case or to produce all possible witnesses who might have some knowledge about the facts of the case.*][15]

---

[15] Model Criminal Jury Instructions, 3d Circuit, § 3.05

**On or About/In or Around**

You will note that the Indictment charges that the offense was committed "on or about"

or "in or around" a certain date.  The government does not have to prove with certainty the exact

date of each alleged offense.  It is sufficient if the government proves beyond a reasonable doubt

that the offense was committed on a date reasonably near the date alleged.[16]

---

[16] Model Criminal Jury Instructions, 3d Circuit, § 3.08 (modified)

19

**Stipulations of Fact and Testimony [if applicable]**

The parties have agreed what (*name of witness*)'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court by the witness.

The government and the defendant have agreed that certain facts contained in a stipulation[s] signed by the parties are true.  You should therefore treat these facts as having been proved.  You are not required to do so, however, since you are the sole judge of the facts.[17]

---

[17] Model Criminal Jury Instructions, 3d Circuit, § 4.01 and 4.02.

## THE CHARGES

### Elements of the Offenses Charged

The defendants are charged in the indictment with committing the following offenses:

- Conspiracy to Defraud the United States, Commit Securities Fraud, and Make False Statements to Regulators (Count One);

- Securities Fraud (Count Two)

- Making False Statements in Documents Required to be Filed with the Securities and Exchange Commission (Counts Three, Four, and Six)

- Making False Statements to the Securities Exchange Commission and the Federal Reserve (Counts Five and Eleven to Sixteen).

- Making False Entries in Banking Records (Counts Seven to Ten)

In addition, Defendant David Gibson has been charged with Making False Certifications in Financial Reports (Counts Seventeen to Nineteen).

In order to find a Defendant guilty of any of the charged offenses, you must all find that the government proved each element of that offense beyond a reasonable doubt, as I will explain in more detail shortly.[18]

---

[18] Model Criminal Jury Instructions, 3d Circuit, § 3.10  (Note: Provide either this charge or the charge on page 39)

**COUNT ONE:**
**CONSPIRACY TO DEFRAUD THE UNITED STATES OR TO
COMMIT AN OFFENSE AGAINST THE UNITED STATES**

**Basic Elements (18 U.S.C. § 371)**

Count One of the indictment charges that from in or around October 2009, through in or around November 2010, in the District of Delaware, Defendants Wilmington Trust Corporation, Robert Harra, David Gibson, Kevyn Rakowski, and William North agreed or conspired with one or more other persons to defraud the United States and to commit offenses against the United States, namely securities fraud, making false statements in quarterly and annual reports filed with the Securities and Exchange Commission, and making false statements to the Securities and Exchange Commission and the Federal Reserve.  Count One further charges that, to further the objective of the conspiracy, at least one member of the conspiracy committed at least one overt act, as I will describe to you.

It is a federal crime for two or more persons to agree or conspire to defraud the United States or to commit any offense against the United States, even if they never actually achieve their objective.  A conspiracy is a kind of criminal partnership.

In order for you to find any of the defendants guilty of conspiracy to defraud the United States or to commit an offense against the United States, you must find that the government proved beyond a reasonable doubt each of the following four (4) elements:

First:  That two or more persons agreed to defraud the United States or to commit an offense against the United States, as charged in the indictment. "Defraud the United States," means to obstruct or interfere with one of the United States government's lawful functions, by deceit, craft, trickery, or dishonest means.  Because each of the offenses against the United States alleged in the conspiracy count are also alleged as separate

22

offenses, I will explain the elements of those alleged offenses against the United States to you shortly.

Second:  That the defendant was a party to or member of that agreement;

Third:  That the defendant joined the agreement or conspiracy knowing of its objective to defraud the United States or to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve one of the objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to defraud the United States or to commit an offense against the United States; and

Fourth:  That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objective of the agreement.

I will explain each of these elements in more detail.[19]

---

[19] Model Criminal Jury Instructions, 3d Circuit, § 6.18.371A and B (modified to include both the defraud and offense prongs of Section 371).

### Conspiracy – Existence of an Agreement

The first element of the crime of conspiracy is the existence of an agreement.  The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either spoken or unspoken, to work together to achieve an overall objective of the conspiracy, to defraud the United States or to commit an offense against the United States, namely securities fraud, making false statements in quarterly and annual reports filed with the Securities and Exchange Commission, and making false statements to the Securities and Exchange Commission and the Federal Reserve.

The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding.  The government also does not have to prove that all the members of the conspiracy directly met, or discussed between themselves their unlawful objectives, or agreed to all the details, or agreed to what the means were by which the objectives would be accomplished.  The government is not even required to prove that all the people named in the indictment were, in fact, parties to the agreement, or that all members of the alleged conspiracy were named, or that all members of the conspiracy are even known.  What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed.  You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been

carried out except as the result of a preconceived agreement, scheme, or understanding.

The indictment charges a conspiracy to commit several federal crimes.  The government does not have to prove that the alleged conspirators agreed to commit all of these crimes.  The government, however, must prove that they agreed to commit at least one of the object crimes, and you must unanimously agree on which crime.  You cannot find a defendant guilty of conspiracy unless you unanimously agree that the same federal crime was the objective of the conspiracy.  It is not enough if some of you agree that one of the charged crimes was the objective of the conspiracy and others agree that a different crime was the objective of the conspiracy.[20]

---

[20] Model Criminal Jury Instructions, 3d Circuit, § 6.18.371C

**Conspiracy – Membership in the Agreement**

If you find that a criminal agreement or conspiracy existed, then in order to find a defendant guilty of conspiracy you must also find that the government proved beyond a reasonable doubt that the defendant knowingly and intentionally joined that agreement or conspiracy during its existence. The government must prove that the defendant knew the goal or objective of the agreement or conspiracy and voluntarily joined it during its existence, intending to achieve the common goal or objective and to work together with the other alleged conspirators toward that goal or objective.

The government need not prove that the defendant knew everything about the conspiracy or that he or she knew everyone involved in it, or that he or she was a member from the beginning. The government also does not have to prove that the defendant played a major or substantial role in the conspiracy.

You may consider both direct evidence and circumstantial evidence in deciding whether the defendant joined the conspiracy, knew of its criminal objective, and intended to further the objective. Evidence which shows that the defendant only knew about the conspiracy, or only kept "bad company" by associating with members of the conspiracy, or was only present when it was discussed or when a crime was committed, is not sufficient to prove that the defendant was a member of the conspiracy even if the defendant approved of what was happening or did not object to it. Likewise, evidence showing that the defendant may have done something that happened to help a conspiracy does not necessarily prove that he or she joined the conspiracy. You may, however, consider this evidence, with all the other evidence, in deciding whether the government proved beyond a reasonable doubt that the defendant joined the conspiracy.[21]

---

[21] Model Criminal Jury Instructions, 3d Circuit, § 6.18.371D

### Conspiracy – Mental States

In order to find a defendant guilty of conspiracy you must find that the government proved beyond a reasonable doubt that the defendant joined the conspiracy knowing of one of its objectives and intending to help further or achieve that objective.  That is, the government must prove: (1) that the defendant knew of an objective or goal of the conspiracy, (2) that the defendant joined the conspiracy intending to help further or achieve that goal or objective, and (3) that the defendant and at least one other alleged conspirator shared a unity of purpose toward that objective or goal.

To convict a defendant of conspiracy for committing an identified offense against the United States, the government must prove whatever mental state is required for conviction of the underlying substantive offenses as I will define below.  In this case, each of the offenses against the United States identified in Count One require that the government prove beyond a reasonable doubt that the defendant committed the offense knowingly, intentionally, and/or willfully as I will define those terms for each offense.

To convict a defendant of conspiracy to defraud the United States, the government must prove that the defendant acted knowingly and intentionally.  Willfulness is not an element of the crime of defrauding the United States.

You may consider both direct evidence and circumstantial evidence, including the defendant's words or conduct and other facts and circumstances, in deciding whether the defendant had the required knowledge and intent.  For example, evidence that a defendant derived some benefit from the conspiracy or had some stake in the achievement of the conspiracy's objective might tend to show that the defendant had the required intent or purpose that the conspiracy's objective be achieved.[22]

---

[22] Model Criminal Jury Instructions, 3d Circuit, § 6.18.371E; *United States v. Feola,* 420 U.S. 671, 685–86 (1975) (stating that the "Government must prove at least the degree of criminal intent necessary for the substantive offense itself"); *United States v. McKee*, 506 F.3d 225, 243 (3d Cir. 2007) ("Willfulness is not an element of the crime of conspiring to defraud the United States") (citing *United States v. Shoup*, 608 F.2d 950, 956 (3d Cir. 1996)).

**Conspiracy – Overt Acts**

With regard to the fourth element of conspiracy – overt acts – the government must prove beyond a reasonable doubt that during the existence of the conspiracy at least one member of the conspiracy performed at least one of the overt acts described in the indictment, for the purpose of furthering or helping to achieve the objective of the conspiracy.

The indictment alleges the following overt acts committed in furtherance of the conspiracy:

A.      Wilmington Trust Corporation filed with the SEC a Form 10-Q for the Third Quarter of 2009 and the First and Second Quarters of 2010, as well as a Form 10-K for 2009, with each SEC Report materially misrepresenting the Bank's quantity of loans that were past due for 90 or more days.

B.      Mr. Gibson electronically signed Wilmington Trust's SEC Form 10-Q for the Third Quarter of 2009 and the First and Second Quarters of 2010, as well as a Form 10-K for 2009.

C.      Mr. Harra and Ms. Rakowski electronically signed Wilmington Trust's 2009 Form 10-K.

D.      Mr. Gibson also electronically signed a certification in Wilmington Trust's SEC Form 10-Q for the Third Quarter of 2009 and the First and Second Quarters of 2010, as well as a Form 10-K for 2009 stating that the information contained in each of the reports "fairly present[ ed], in all material respects, the financial condition and results of operation of Wilmington Trust."

E.      Mr. Gibson and Mr. Harra further certified falsely in Wilmington Trust's 2009 Form 10-K that the Bank's internal controls over financial reporting were effective, when each was aware that the Bank had experienced significant issues with the tracking,

29

proper extension, and reporting of matured loans.

F.      Wilmington Trust Company filed Call Reports with the Federal Reserve for each of the Third and Fourth Quarters of 2009, and the First and Second Quarters of 2010, which each materially misrepresented the Bank's quantity of loans that were past due for 90 or more days.

G.      Mr. Gibson electronically signed Wilmington Trust Company's Call Reports for each of the Third and Fourth Quarters of 2009, and the First and Second Quarters of 2010.

H.      Wilmington Trust Corporation filed Monthly Regulatory Reports with the Federal Reserve for each monthly period between September 2009 and March 2010, which, each materially misrepresented the Bank's quantity of loans that were past due for 90 or more days.

I.      Mr. North supervised the preparation and approval of the past due loan amounts in the Bank's monthly Delinquency Report, knowing that such conduct would cause the Bank to materially misrepresent its quantity of loans that were past due for 90 or more days in each of the public reports filed in the following periods: (1) Wilmington Trust's SEC Reports for the Third Quarter of 2009, Year-end 2009, and the First Quarter of 2010; (2) WTC's Call Report for each of the Third and Fourth Quarters of 2009, and the First Quarter of 2010; and (3) Wilmington Trust's Monthly Regulatory Reports for each monthly period between September 2009 and March 2010.

J.      Ms. Rakowski supervised the preparation and approval of the Past Due Reports knowing that the false past due loan information included therein would cause the Bank to materially misrepresent its quantity of loans that were past due for 90 or more

days in each of the same following periods: (1) Wilmington Trust's SEC Reports for the

Third Quarter of 2009, Year-end 2009, and the First Quarter of 2010; (2) WTC's Call

Report for each of the Third and Fourth Quarters of 2009, and the First Quarter of 2010;

and (3) Wilmington Trust's Monthly Regulatory Reports for each monthly period

between September 2009 and March 2010.

       K.      Wilmington Trust Corporation submitted false information regarding

loans that were 90 days or more past due to the Federal Reserve in advance of its targeted

examination in early-2010 (as-of date of September 30, 2009) and full-scope examination

in 2010 (as-of date May 31, 2010), and did not otherwise disclose the Waiver Practice

during the course of the Federal Reserve examinations or while operating under the

MOU.

       The government does not have to prove that all of these acts were committed or that any

of these acts were themselves illegal.  Also, the government does not have to prove that a

defendant personally committed any of the overt acts.  The government must prove beyond a

reasonable doubt that at least one member of the conspiracy committed at least one of the overt

acts alleged in the indictment and committed it during the time that the conspiracy existed, for

the purpose of furthering or helping to achieve an objective of the conspiracy.  You must

unanimously agree on the overt act that was committed.[23]

---

[23] Model Criminal Jury Instructions, 3d Circuit, § 6.18.371F

## Conspiracy – Corporate Defendant

A corporation may be convicted under 18 U.S.C. § 371 for conspiracies entered into by its agents and employees.  To convict Wilmington Trust on Count One, you must find beyond a reasonable doubt that two or more of the individual corporate officers engaged in a conspiracy on its behalf.[24]

---

[24] *United States v. Basroon*, 38 Fed. Appx. 772, 781 (3d Cir. 2002); *United States v. Hughes Aircraft Co.*, 20 F.3d 974, 978–79 (9th Cir. 1994); *United States v. Ames Sintering Co.*, 927 F.2d 232, 236 (6th Cir. 1990); *United States v. Hugh Chalmers Chevrolet–Toyota, Inc.*, 800 F.2d 737, 738 (8th Cir. 1986); *United States v. Peters*, 732 F.2d 1004, 1007–08 (1st Cir. 1984); *United States v. Hartley*, 678 F.2d 961 (11th Cir. 1982).

**Conspiracy – Success Immaterial**

The government is not required to prove that any of the members of the conspiracy were successful in achieving any or all of the objectives of the conspiracy.  You may find a defendant guilty of conspiracy if you find that the government proved beyond a reasonable doubt the elements I have explained, even if you find that the government did not prove that any of the conspirators actually committed any other offense against the United States or defrauded the United States.  Conspiracy is a criminal offense separate from the offenses that were the objectives of the conspiracy; conspiracy is complete without the commission of those offenses.[25]

---

[25] Model Criminal Jury Instructions, 3d Circuit, § 6.18.371G

**Conspiracy – Acts and Statements of Co-Conspirators**

Evidence has been admitted in this case that certain persons, who are alleged to be co-conspirators, did or said certain things.  The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against a defendant any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy.  You may consider these acts and statements even if they were done and made in the defendant's absence and without his or her knowledge.  As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.[26]

---

[26] Model Criminal Jury Instructions, 3d Circuit, § 6.18.371K

**Responsibility For Substantive Offenses Committed
By Co-Conspirators (*Pinkerton* Liability)**

Counts Two through Sixteen of the indictment allege that the defendants committed the

following offenses during the course of the alleged conspiracy:

- Securities Fraud (Count Two);

- Making False Statements in Documents Required to be Filed with the Securities
  and Exchange Commission (Counts Three, Four, and Six);

- Making False Statements to the Securities Exchange Commission and the Federal
  Reserve (Counts Five and Eleven to Sixteen); and

- Making False Entries in Banking Records (Counts Seven to Ten).

The government may prove a defendant guilty of an offense charged in Counts Two

through Sixteen by proving that the defendant personally committed that offense.  I will instruct

you on the elements of each of these offenses momentarily.

The government may also prove a defendant guilty of an offense charged in Counts Two

through Sixteen offenses based on the legal rule that each member of a conspiracy is responsible

for crimes and other acts committed by the other members, as long as those crimes and acts were

committed to help further or achieve the objective of the conspiracy and were reasonably

foreseeable to the defendant as a necessary or natural consequence of the agreement.  In other

words, under certain circumstances the act of one conspirator may be treated as the act of all.

This means that all the conspirators may be convicted of a crime committed by any one or more

of them, even though they did not all personally participate in that crime themselves.

In order for you to find a defendant guilty of the offenses charged in Counts Two through

Sixteen based on this legal rule, you must find that the government proved beyond a reasonable

doubt each of the following four (4) requirements:

First: That the defendant was a member of the conspiracy charged in the indictment;

Second: That while defendant was still a member of the conspiracy, one or more of the other members of the conspiracy committed an offense charged in Counts Two through Sixteen, by committing each of the elements of that offense, as I will explain those elements to you in these instructions. However, the other members of the conspiracy need not have been found guilty of (or even charged with) the offense, as long as you find that the government proved beyond a reasonable doubt that the other members committed the offense.

Third: That the other members of the conspiracy committed the offense within the scope of the unlawful agreement and to help further or achieve an objective of the conspiracy; and

Fourth: That the offense was reasonably foreseeable to or reasonably anticipated by the defendant as a necessary or natural consequence of the unlawful agreement.

The government does not have to prove that a defendant specifically agreed or knew that an offense would be committed. However, the government must prove that the offense was reasonably foreseeable to the defendant, as a member of the conspiracy, and within the scope of the agreement as the defendant understood it.

As I have instructed you, in order to prove that a defendant was a member of the conspiracy charged in the indictment, the government must prove that the defendant knew of an objective of the conspiracy to defraud the United States or to commit an offense against the United States, namely securities fraud, making false statements in quarterly and annual reports filed with the Securities and Exchange Commission, and making false statements to the Securities and Exchange Commission and the Federal Reserve.  The government must further prove that the defendant intended to join together with at least one other alleged conspirator to achieve one of these objectives.  However, for you to find a defendant guilty of an offense charged in Counts Two through Sixteen based on the rule that each member of a conspiracy is responsible for crimes committed by the other members, the government does not have to prove that the defendant specifically agreed or knew that any specific offense would be committed, as long as the government proves that the offense was reasonably foreseeable to the defendant, as a member of the conspiracy, and within the scope of the agreement as the defendant understood it.[27]

---

[27] Model Criminal Jury Instructions, 3d Circuit, § 6.18.371K

## COUNT TWO:

### SECURITIES FRAUD

### Basic Elements

In order to prove that a defendant committed securities fraud as charged in Count Two of the Indictment, the government may proceed under either of the following two theories of criminal liability:

(1) that the defendant knowingly executed, or attempted to execute a scheme or artifice to defraud any person in connection in connection with any security with a class of securities registered under section 12 of the Securities Exchange Act of 1934 or that is required to file reports under Section 15(d) of the Securities Exchange Act of 1934; or

(2) that the defendant knowingly executed, or attempted to execute a scheme or artifice to obtain by means of false or fraudulent pretenses, representations, or promises, any money or property in connection with the purchase or sale of any security of an issuer with a class of securities registered under section 12 of the Securities Exchange Act of 1934 or that is required to file reports under Section 15(d) of the Securities Exchange Act of 1934.

You may return a finding of guilty against a defendant if you conclude that the government satisfied either that the defendant knowingly executed a scheme or artifice to defraud or executed a scheme to obtain money or property by means of false or fraudulent pretenses.[28]

---

[28] 18 U.S.C. § 1348; Loughrin v. United States, 134 S.Ct. 2384 (2013) (noting the two clauses of the similarly-worded bank fraud statute have a separate meaning and provide distinct grounds for criminal liability)

## Securities Fraud:  Scheme-Based Liability

In order to establish that a defendant committed securities fraud by employing a scheme or artifice to defraud any person in connection with a security, the government must prove beyond a reasonable doubt the following elements:

First, the defendant employed a device, scheme, or artifice to defraud any person;

Second, the fraud scheme was employed in connection with any security;

Third, the security was registered under a national exchange or required to file reports under the Securities Exchange Act; and

Fourth, the defendant acted with an intent to defraud.[29]

---

[29] *United States v. Melvin*, 143 F. Supp. 3d 1354, 1371-72 (N.D. Ga. 2015); *United States v. Motz,* 652 F.Supp.2d 284, 295 (E.D.N.Y.2009).

## **"Scheme to Defraud or to Obtain Money or Property" Defined**

To establish a "scheme to defraud," the government must prove beyond a reasonable doubt that a defendant knowingly devised or willfully participated in a scheme to defraud any person in connection with the securities of Wilmington Trust Corporation.

A "scheme" is merely a plan for accomplishing an object.

"Fraud" is a general term which embraces all the various means by which one person can gain an advantage over another by false representations, suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is any plan, device, or course of action to deprive another of money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

In this case, the indictment alleges that the scheme to defraud was carried out by making false or fraudulent statements representations, claims, or documents.  The representations which the government charges were made as part of the scheme to defraud in Count Two include the following [insert applicable]:

- The Bank's discussion of "Accruing Loans Past Due 90 Days or More" in its SEC Form 10-K for 2009, including the table listing the amounts of particular categories of loans past due 90 days or more and the past-due loan ratio.

- [The Bank's discussion of "How we mitigate credit risk" in its SEC Form 10-K for 2009, including, in particular, the following statements:
    - "To mitigate credit risk we:
    - Employ rigorous loan underwriting standards and apply them consistently.
    - Typically obtain collateral and personal guarantees from commercial borrowers.
    - Monitor the loan portfolio to identify potential problems.
    - Regularly review all past-due loans, loans not being repaid according to contractual terms, and loans we doubt will be paid on a timely basis."

- The Bank's discussion in its SEC Form 10-K for 2009 of "How we manage problem loans."

40

- The Bank's discussion in its SEC Form 10-K for 2009 of "How we determine collateral valuations for problem credits secured with real estate."

- The Bank's discussion in its SEC Form 10-K for 2009 of "Commercial Construction Loan Underwriting Standards."

- The Bank's discussion in its SEC Form 10-K for 2009 in the section entitled "Critical Accounting Policies and Estimates" that its "critical accounting policies conform with U.S. generally accepted accounting principles (GAAP), and with reporting practices prescribed for the banking industry."

- The Bank's explanation in its SEC Form 10-K of its accounting policy regarding "Loans," footnote 2, which does not set forth the Bank's practice of not reporting all contractually past due loans as past due.

- The Bank's statement in its SEC Form 10-K that there were no changes in the Bank's financial condition between December 31, 2009, and the date of the filing of the SEC Form 10-K, February 22, 2010, that warranted additional disclosure.

- Additional disclosures in the Bank's SEC Form 10-K that the government alleges were impacted by the Bank's allegedly false disclosure regarding its quantity of loans past due 90 days or more, including:

  o The Bank's net interest income;
  o The Bank's quantity of nonaccruing loans; and
  o The Bank's provision and reserve for loan losses.

- The Prospectus Supplement filed pursuant to SEC Rule 424(b)(2) on February 22, 2010, which incorporated by reference into the Prospectus Supplement the alleged false written statements from the Bank's SEC Form 10-K outlined above.

- The Prospectus Supplement filed pursuant to SEC Rule 424(b)(5), dated February 23, 2010, which incorporated by reference into the Prospectus Supplement the false written statements from the Bank's SEC Form 10-K outlined above. (S-ii.)]

The government is not required to prove every misrepresentation charged in the indictment. In fact, a scheme to defraud need not include false representations. It is sufficient if the government proves beyond a reasonable doubt that one or more of the false or fraudulent material misrepresentations were made in furtherance of the alleged scheme to defraud.

However, you cannot convict the defendant unless all of you agree as to at least one of the material misrepresentations.

A statement, representation, claim or document is false if it is untrue when made and if the person making the statement, representation, claim or document or causing it to be made knew it was untrue at the time it was made.

A representation or statement is fraudulent if it was falsely made with the intention to deceive.

In addition, deceitful statements of half truths or the concealment of material facts or the expression of an opinion not honestly entertained may constitute false or fraudulent statements. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance.

The deception need not be premised upon spoken or written words alone.  If there is deception, the manner in which it is accomplished is immaterial.

The failure to disclose information may constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure ought to be made, and the defendant failed to make such disclosure with the intent to defraud.

The false or fraudulent representation, or failure to disclose, must relate to a material fact or matter.  A material fact is one which would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision to invest in Wilmington Trust Corporation securities.

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person or investor might have

42

considered important in making his or her decision.  The same principle applies to fraudulent half truths or omissions of material facts.

In order to establish a scheme to defraud, the government must also prove that the alleged scheme contemplated depriving another of money or property.

However, the government is not required to prove that a particular defendant originated the scheme to defraud.  Furthermore, it is not necessary that the government prove that a defendant actually realized any gain from the scheme or that any intended victim actually suffered any loss.  In this case, it so happens that the government does contend that the proof establishes that persons were defrauded.  Although whether or not the scheme actually succeeded is really not the question, you may consider whether it succeeded in determining whether the scheme existed.

If you find that the government has proved beyond a reasonable doubt that the scheme to defraud charged in the indictment did exist and that the defendant knowingly devised or participated in the overall scheme charged in the indictment, you should then consider the second element.[30]

---

[30] Model Criminal Jury Instructions, 3d Circuit § 6.18.1344-1; *United States v. Frankel*, 721 F.2d 917, 921 (3d Cir.1983) (stating that "A scheme to defraud 'need not include false representations to violate the scheme or artifice clause'" clause of the mail fraud statute).

### **"Security" Defined**

I instruct you as a matter of law that the term "security" includes stock.   [*The parties stipulate that Wilmington Trust Corporation was an "issuer of securities" under Federal Law.*][31]

---

[31] Section 2(4) of the Securities Act of 1933; 15 U.S.C. §§ 77b(1), 78c(a)(10); *Marine Bank v. Weaver*, 455 U.S. 551, 555-56 (1982).

## **"Issuer of Securities"**

I instruct that Wilmington Trust Corporation was an issuer with a class of securities registered under section 12 of the Securities Exchange Act of 1934, or that was required to file reports under Section 15(d) of the Securities Exchange Act of 1934, during the period set forth in the Indictment.[32]

---

[32] 15 U.S.C. § 78l; 15 U.S.C. 78o(d)); Wilmington Trust Corporation Form 10-K (2009) (listing that WL securities were registered pursuant to Section 12 of the Securities Exchange Act of 1934 and its Annual Report was being filed pursuant to Section 15(d) of the Securities Exchange Act of 1934)

## **"In Connection With" Defined**

A fraud scheme is employed "in connection" with the purchase or sale of a security if the alleged false of fraudulent statement coincides with the securities transaction.  That is, there is a nexus between a materially false or fraudulent statement and the purchase or sale of a security.

A false of fraudulent statement is "material" to the purchase or sale of a security if the there was a substantial likelihood that the truthful disclosure of the alleged false statements regarding past due loans would have been viewed by a reasonable investor as having significantly altered the "total mix" of information available to that investor.[33]

---

[33] *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 1, 85 (2006) (defining "in connection with"); *Chadbourne & Parke LLP v. Troice*, 134 S.Ct. 1058, 1066 (2014) (limiting the *Merrill Lynch* definition to misrepresentations that are material to the purchase of a security); *Basic Inc. v. Levinson*, 485 U.S. 224, 231–232 (1988) (defining "materiality" in the context of a reasonable investor); *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976) (same); *United States v. Melvin*, 143 F. Supp. 3d 1354, 1371-72 (N.D. Ga. 2015) (stating that the government must prove a nexus between the misrepresentation and the security); *United States v. Motz,* 652 F.Supp.2d 284, 295 (E.D.N.Y.2009) (same).

## **"Intent to Defraud"**

The final element that the government must prove beyond a reasonable doubt is that the defendant acted with the intent to defraud.

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

In considering whether a defendant acted with an intent to defraud, you may consider, among other things, whether that defendant acted with a desire or purpose to bring about some gain or benefit to himself or herself or someone else or with a desire or purpose to cause some loss to someone.  You may also find an intent to defraud if you conclude that a defendant made or caused to be made a material misstatement of fact made with reckless disregard for the truth.[34]

---

[34] Model Criminal Jury Instructions, 3d Circuit § 6.18.1341-4; *United States v. Hannigan*, 27 F.3d 890, 892 n.1 (3d Cir.Pa.1994) (*citing United States v. Boyer*, 694 F.2d 58, 59–60 (3d Cir.1982) ("The specific intent element may be found from a material misstatement of fact made with reckless disregard for the truth.").

**SECURITIES FRAUD:  FALSE OR FRAUDULENT REPRESENTATIONS**

In order to establish that a defendant committed securities fraud by making any false or fraudulent representations to obtain money or property in connection with a security, the government must prove beyond a reasonable doubt the following elements:

First, the defendant employed a device, scheme, or artifice;

Second, with the purpose to obtain, by means of false of fraudulent pretenses, representations, or promises, any money or property;

Third, the false or fraudulent pretenses, representations or promises were made in connection with a security;

Fourth, the security was registered under a national exchange or required to file reports under the Securities Exchange Act; and

Fifth, the defendant acted with an intent to defraud.[35]

I have previously instructed you as to what constitutes a scheme, device, or artifice; the definition of "security"; the definition of "false or fraudulent"; the fact that Wilmington Trust securities were registered under a national exchange or required to file reports under the Securities Exchange Act; the definition of "materiality" in the context of securities fraud; and the definition of "intent to defraud."

The primary difference between securities fraud based on a "scheme to defraud" theory or "by means of false or fraudulent pretenses, representations, or promises," is that a "scheme to defraud" involves a "plan, device, or course of action" and is not necessarily tied to a specific false statement (or any false statement at all).  In contrast, securities fraud "by means of false or

---

[35] *United States v. Melvin*, 143 F. Supp. 3d 1354, 1371-72 (N.D. Ga. 2015); *United States v. Hatfield*, 724 F. Supp. 2d 321, 324 (E.D.N.Y. 2010).

fraudulent pretenses, representations or promises" requires that you must agree that a defendant engaged in specific false or fraudulent pretenses, representations, or promises.

The government is not required to prove that all of the statements alleged are materially false.  Proof that a single statement is materially false is sufficient to prove a defendant's guilt as to Count Two.  However, each of you must agree with each of the other jurors that the same item is materially false.  Unless you unanimously agree that the government has proved the same item was materially false beyond a reasonable doubt, you must find the defendant not guilty regarding that count.[36]

---

[36] Model Criminal Jury Instructions, 3d Circuit § 6.26.7306-5; *United States v. Ryan,* 828 F.2d 1019, 1020 (3d Cir. 1987) (discussing unanimity requirement in conviction for making false statement to federally insured bank under 18 U.S.C. § 1014).

## COUNT THREE, FOUR, AND SIX:
### MAKING A FALSE STATEMENT IN DOCUMENTS REQUIRED TO BE FILED WITH THE SECURITIES AND EXCHANGE COMMISSION

### Basic Elements

In order to prove that a defendant Made False Statements in Documents Required to be Filed with the Securities and Exchange Commission fraud as charged in Counts Three, Four, and Six of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant knowingly and willfully made, or caused to be made, any false or fraudulent statement in an application, report, or document required to be filed with the Securities and Exchange Commission;

Second, the Defendant did so with the intent to deceive, manipulate, or defraud; and

Third, the statement was false or misleading with respect to any material fact.[37]

I have previously instructed you as to the definition of a "false or fraudulent statement" and what constitutes a fact that is "material" to an investment decision.

---

[37] 15 U.S.C. § 78ff(a);  *See United States v. Kaiser*, 609 F.3d 556, 568 (2d Cir. 2010); *United States v. Tarallo*, 380 F.3d 1174, 1188 (9th Cir. 2004); *United States v. O'Hagan*, 139 F.3d 641, 647 (8th Cir. 1998).]

## **"Knowingly and Willfully" Defined**

The offense of making a false statement in documents required to be filed with the Securities and Exchange Commission charged in the indictment requires that the government prove that a defendant acted "knowingly and willfully" in making a false or fraudulent statement.

The term "knowingly" means that the government must prove beyond a reasonable doubt that a defendant was conscious and aware of the nature of his or her actions and of the surrounding facts and circumstances, as specified in the definition of the offense charged.

The term "willfully" as it is used in Counts Three, Four, and Six means intentionally undertaking an act that one knows to be wrongful. Although other counts in the indictment require for proof of "willfulness" that the defendant know that his or her conduct was, in a general sense, unlawful, that standard does not apply as to Counts Three, Four and Six. For these counts, the government must prove beyond a reasonable doubt that a defendant had an awareness of the general wrongfulness of his or her conduct.

In deciding whether a defendant acted "knowingly and willfully" you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in defendant's mind at that time.[38]

---

[38] Model Criminal Jury Instructions, 3d Circuit § 5.02 (modified); United States v. Kaiser, 609 F.3d 556, 568 (2d Cir. 2010) (defining "willfulness" under 15 U.S.C. § 78ff); *United States v. Reyes*, 577 F.3d 1069, 1079-80 (9th Cir. 2009) (same).

### **"Application, Report, or Document required**
### **to be filed with the Securities and Exchange Commission"**

I instruct you as a matter of law that the following documents filed by Wilmington Trust Corporation with the Securities and Exchange Commission constitute an "application, report, or document required to be filed with the Securities and Exchange Commission":

1. Wilmington Trust Corporation's SEC Form 10-K for 2009;

2. Wilmington Trust Corporation's SEC Forms 10-Q for the Third Quarter of 2009 and the First and Second Quarters of 2010;

3. Wilmington Trust Corporation's Prospectus Supplement filed pursuant to SEC Rule 424(b)(2) on February 22, 2010; and

4. Wilmington Trust Corporation's Prospectus Supplement filed pursuant to SEC Rule 424(b)(5), dated February 23, 2010.[39]

---

[39] 15 U.S.C. § 78*o*(d), 78m(a)(2).

## **"Intent to Deceive, Manipulate, or Defraud" Defined**

To convict on Counts Three, Four, and Six, the government must also prove beyond a reasonable doubt that a defendant acted with the intent to deceive, manipulate, or defraud.

I previously instructed you on the definition of "intent to defraud."  To act with "intent to deceive" means to act with intent to mislead or to cause a person to believe that which is false. To act with an "intent to manipulate" means to intentionally seek to control or affect the price of securities.

In proving that a defendant acted with the "intent to deceive, manipulate, or defraud," the government is not required to prove that the defendant intended to cause harm to the victim of the fraud.[40]

---

[40] Model Criminal Jury Instructions, 3d Circuit § 6.18.1341-4; *United States v. Hannigan*, 27 F.3d 890, 892 n.1 (3d Cir. Pa.1994) (*citing United States v. Boyer*, 694 F.2d 58, 59–60 (3d Cir. 1982) ("The specific intent element may be found from a material misstatement of fact made with reckless disregard for the truth."); Model Crim. Jury Instr. 8th Cir. 6.18.1005 (2014) (defining "intent to deceive"); Ernst & Ernst v. Hochfelder, 425 U.S. 185, 199-200 (1976) (defining "intent to manipulate").

**COUNT FIVE AND ELEVEN TO SIXTEEN:**
**MAKING FALSE STATEMENTS TO THE SECURITIES AND**
**EXCHANGE COMMISSION AND TO THE FEDERAL RESERVE**

**Basic Elements**

In order to prove that a defendant Made False Statements to the Securities and Exchange Commission and to the Federal Reserve, as charged in Counts Five and Eleven to Sixteen of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that the Defendant made a statement or representation;

Second, that the statement or representation was false;

Third, that the false statement was made knowingly and willfully;

Fourth, that the statement or representation was material; and

Fifth, that the statement or representation was made in a matter within the jurisdiction of the Executive Branch of the United States.[41]

---

[41] *United States v. Moyer*, 674 F.3d 192, 213 (3d Cir. 2012)

## **"False Statement" Defined**

A statement is "false" if untrue when made.  A false statement may be effected by the deceitful statements of half-truths or by the concealment of material facts.[42]

---

[42] Model Crim. Jury Instr. 8th Cir. 6.18.1005 (2014); *United States v. Ferriero*, 866 F.3d 107 (3d Cir. 2017)

## **"Knowingly"**

Counts Five and Eleven to Sixteen require that the government prove that the defendants acted "knowingly." This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his or her actions and of the surrounding facts and circumstances, as specified in the definition of the offense charged.

In deciding whether the defendant acted "knowingly", you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.[43]

---

[43] Model Criminal Jury Instructions, 3d Circuit, § 5.02

### **"Willfully"**

You must also find that the defendant acted "willfully" in making the false statement charged in Counts Five and Eleven to Sixteen.  This means that for the counts you must find that the defendant was aware, at least in a general sense, that his or her conduct was unlawful.  That is, to find that the defendant acted "willfully," you must find that the evidence proved beyond a reasonable doubt that the defendant acted with a purpose to disobey or disregard the law.

"Willfully" does not, however, require proof that the defendant had any evil motive or bad purpose other than the purpose to disobey or disregard the law.  In addition, "willfully" does not require proof that the defendant knew of the existence and meaning of the statute making his or her conduct criminal.[44]

---

[44] Model Third Circuit Jury Instruction § 5.05 (modified); *United States v. Moyer*, 674 F.3d 192, 213 (3d Cir. 2012)

### **"Material Fact" Defined**

For the conduct charged in Counts Five and Eleven through Sixteen, a fact is "material" if it had a "natural tendency to influence" or was "capable of influencing" the actions of the decisionmaking body to which it is directed.

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision.  The same principle applies to fraudulent half truths or omissions of material facts.[45]

---

[45] Model Third Circuit Jury Instruction § 6.18.1341-1, *Kungys v. United States*, 485 U.S. 759, 770 (1988); *United States v. Moyer*, 674 F.3d 192, 214 (3d Cir. 2012)

**<u>Within the Jurisdiction of Executive Branch of the United States</u>**

I hereby instruct you as a matter of law that the Securities and Exchange Commission and the Federal Reserve are part of the Executive Branch of the United States.  You must find beyond a reasonable doubt the alleged false statements were made "within the jurisdiction" of those agencies.  A statement is made "within the jurisdiction" of an agency if it covers any matter confided to the authority of that agency.[46]

---

[46] *See, e.g., Free Ent. Fund v. Public Co. Acctg. Oversight Bd.*, 130 S.Ct. 3138, 3163 (2016); *United States v. Rodgers*, 466 U.S. 475, 479 (1984).

## COUNTS SEVEN TO TEN

### MAKING FALSE ENTRIES IN FEDERAL BANKING RECORDS

### <u>Basic Elements</u>

In order to prove that a defendant Made False Entries in Federal Banking Records, as charged in Counts Seven to Ten of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that the Defendant made or caused to be made a false entry concerning a material fact in the books or records of Wilmington Trust;

Second, that Wilmington Trust was a member bank of the Federal Reserve System or insured by the Federal Deposit Insurance Corporation;

Third, that the Defendant knew that the entry made was false; and

Fourth, that the Defendant made the false entry with the intent to deceive any agent or examiner appointed to examine the affairs of such bank, or the Board of Governors of the Federal Reserve System.[47]

---

[47] 18 U.S.C. § 1005(3), 2A Fed. Jury Prac. & Instr. § 41:03 (6th ed. August 2017 update)

**"False Entry" Defined**

An entry is "false" if untrue when made. An entry may be false if it records a transaction which did not occur, or fails to record a transaction which did occur and should have been accurately recorded, or inaccurately reports or records a transaction.  A false statement may be effected by the deceitful statements of half-truths or by the concealment of material facts.[48]

---

[48]Model Crim. Jury Instr. 8th Cir. 6.18.1005 (2014); *United States v. Ferriero*, 866 F.3d 107 (3d Cir. 2017).

**"The Defendant 'Knew' the Entry was False"**

Counts Seven to Ten require that the government prove that the defendants knew the the entry made was false.  This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his or her actions and of the surrounding facts and circumstances, as specified in the definition of the offense charged.

In deciding whether a defendant knew that a particular entry was falsely made, you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.[49]

---

[49] Model Criminal Jury Instructions, 3d Circuit, § 5.02

**"Material Fact" Defined**

For purposes of Counts Seven to Ten, a fact is "material" if it had a "natural tendency to influence" or was "capable of influencing" the actions of the decisionmaking body to which it is directed.

This means that if you find that a particular statement of fact was false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision.  The same principle applies to fraudulent half truths or omissions of material facts.[50]

---

[50] Model Third Circuit Jury Instruction § 6.18.1341-1, *Kungys v. United States*, 485 U.S. 759, 770 (1988); *United States v. Moyer*, 674 F.3d 192, 214 (3d Cir. 2012).

**"Intent to Deceive" Defined**

To act with "intent to deceive" means to act with intent to mislead or to cause a person to believe that which is false.[51]

---

[51] Model Crim. Jury Instr. 8th Cir. 6.18.1005 (2014).

**COUNTS SEVENTEEN TO NINETEEN**

**MAKING FALSE CERTIFICATIONS IN FINANCIAL REPORTS**

**<u>Basic Elements</u>**

Defendant David Gibson is charged in Counts Seventeen to Nineteen with making False Certifications in Financial Reports.  In order to prove that Mr. Gibson committed the offenses charged in Counts Seventeen to Nineteen of the Indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, Wilmington Trust was an issuer of securities which filed periodic reports with the SEC;

Second, that the particular periodic report at issue required Mr. Gibson, the Chief Financial Officer of Wilmington Trust, to execute a written certification accompanying the period report in accordance with Sections 13(a) or 15(d) of the Securities Exchange Act of 1934;

Third, that Mr. Gibson certified that the periodic report fairly presents, in all material respects, the financial condition and results of operations of Wilmington Trust;

Fourth, that the certification was false; and

Fifth, Mr. Gibson knew that the certifications were false.[52]

---

[52] 18 U.S.C. § 1350

## **"Issuer of Securities"**

I instruct you as a matter of law an "issuer" of securities includes every person, including a corporation, who issues or proposes to issue any security.  The term "security" includes stock.

[*The parties stipulate that Wilmington Trust Corporation was an "issuer of securities" under Federal Law.*][53]

---

[53] Section 2(4) of the Securities Act of 1933; 15 U.S.C. §§ 77b(1), 78c(a)(10); *Marine Bank v. Weaver*, 455 U.S. 551, 555-56 (1982).

## The Requirement of a Written Certification

I further instruct you as a matter of law that Sections 13(a) and 15(d) require that an issuer's quarterly and annual reports, SEC Forms 10-Q and 10-K, respectively, be accompanied by a written certification by the issuer's Chief Financial Officer that the periodic report fairly presents, in all material respects, the financial condition and results of operations of the issuer.[54]

---

[54] 15 USC §§ 78m(a) and 78*o*(d).

### "False Certification" Defined

A certification is "false" if untrue when made.  A false certification may be effected by the deceitful statements of half-truths or by the concealment of material facts.[55]

---

[55] Model Crim. Jury Instr. 8th Cir. 6.18.1005 (2014); *United States v. Ferriero*, 866 F.3d 107 (3d Cir. 2017).

## **"The Defendant 'Knew' the Certification was False"**

Counts Seventeen to Nineteen require that the government prove that Mr. Gibson knew that the certification was false when made.  This means that the government must prove beyond a reasonable doubt that the defendant was conscious and aware of the nature of his actions and of the surrounding facts and circumstances.

In deciding whether Mr. Gibson knew that a particular certification was false, you may consider evidence about what he said, what he did and failed to do, how he acted, and all the other facts and circumstances shown by the evidence that may prove what was in Mr. Gibson's mind at that time.[56]

---

[56] Model Criminal Jury Instructions, 3d Circuit, § 5.02.

## Federal Banking and Securities Laws, Regulations, Rules, and Customs and Practices

You have heard evidence in this case regarding the provisions of certain federal banking and securities laws, regulations, and rules, as well as certain banking and securities customs and practices. You may consider the evidence you heard in this regard to the extent that you find it relevant to questions of knowledge and willfulness, intent to defraud, good faith, and the materiality of alleged false statements.

I instruct you that violations of these federal banking and securities laws, regulations, and rules, as well as certain banking and securities customs and practices, should not be considered by you as violations of federal criminal law. The defendants are not on trial for violating any laws other than the federal criminal laws cited in the Indictment and upon which you have received instructions. You may not convict a defendant of any of the counts alleging conspiracy, securities fraud, making false statements, making false entries in banking records, or making false certifications in securities filings only on the basis of a conclusion that he or she violated a federal banking law or regulation. You may, however, consider evidence of knowing violations of federal banking and securities laws, regulations and rules, or actions taken at variance with banking and securities customs and practices, as you would other evidence in determining whether any of the defendants devised a scheme to defraud, acted knowingly, willfully, or with the intent to defraud, or whether a particular false statement at issue was material. It is entirely up to you as to what weight to give this evidence.

Because the parties have addressed the meaning of the Call Report Instructions and certain securities laws and regulations, I will briefly instruct you regarding them.[57]

---

[57] *United States v. Fumo*, 655 F.3d 288, 302-03 (3d Cir. 2011); *United States v. Bryant*, 655 F.3d 232, 250-51 (3d Cir. 2011); *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 218 (3d Cir. 2006).

**Call Report**

**"Past Due" Defined Under the Call Report Instructions**

Counts One, Seven to Ten, Eleven to Thirteen, and Sixteen allege that the Defendants

made, or caused to be made, false statements in various Call Reports (or, as to Count Sixteen, a

Monthly Regulatory Report) that Wilmington Trust filed with the Federal Reserve.  The

government alleges that the defendants made, or cause to be made, a false statement regarding

the Bank's loans that were past due 90 days or more.

The specific information that Banks are required to report in Call Reports are set forth in

a document entitled "Instructions for Preparation of Consolidated Reports of Condition and

Income," which I will refer to as the "Call Report Instructions."

Applicable to this case, the Call Report Instructions contain a section entitled "General

Instructions."  The General Instructions state that "Banks are required to prepare and file the Call

Report in accordance with these instructions. All reports shall be prepared in a consistent

manner."  The General Instructions state further that, "Questions and requests for interpretations

of matters appearing in any part of these instructions should be addressed to the bank's primary

federal bank supervisory agency (i.e., the Federal Reserve Banks, the OCC, or the FDIC)."

According to the General Instructions, "Regardless of whether a bank requests an interpretation

of a matter appearing in these instructions, when a bank's primary federal bank supervisory

agency's interpretation of the instructions differs from the bank's interpretation, the supervisory

agency may require the bank to prepare its Call Report in accordance with the agency's

interpretation and to amend previously submitted reports."  Although the Call Report instructions

are designed to conform to United States Generally Accepted Accounting Principles, or GAAP,

"when a bank's supervisory agency's interpretation of how GAAP should be applied to a

specified event or transaction (or series of related events or transactions) differs from the bank's

interpretation, the supervisory agency may require the bank to reflect the event(s) or transaction(s) in its Call Report in accordance with the agency's interpretation and to amend previously submitted reports."

The reporting of past due loans is covered by the instructions listed in "Schedule RC-N – Past Due and Nonaccrual Loans, Leases, or Other Assets."  The Schedule RC-N Instructions contain a definition of "past due" which states "The past due status of a loan or other asset should be determined in accordance with its contractual repayment terms."  The definition further states that "grace periods allowed by the bank after a loan or other asset technically has become past due but before the imposition of late charges are not to be taken into account in determining past due status."  In addition, the definition states that loans "are to be reported as past due when either interest <u>or</u> principal is unpaid" under five circumstances.

The fourth circumstance outlined under the definition covers the past due status of loans that are past due because they have matured; that is, the loans are overdue for principal repayment under the terms of a contractual loan agreement.  That circumstance states the following:  Single payment notes, debt securities, and other assets providing for the payment of interest at maturity are to be reported as past due after maturity if interest <u>or</u> principal remains unpaid for 30 days or more.[58]

---

[58] 12 U.S.C. § 324 (requiring state member banks of the Federal Reserve to file reports of condition on call of the Federal Reserve bank on dates to be fixed by the Board of Governors of the Federal Reserve System); Instructions for Preparation of Consolidated Reports of Condition and Income (FFIEC 031 and 041 – General Instructions and Schedule RC-N

**<u>Securities Filings</u>**

**"Past Due" Status in the Management's Discussion and Analysis Section of SEC Reports**

Counts One through Six and Eleven through Thirteen allege that the defendants falsely reported Wilmington Trust Corporation's quantity of accruing loans that were past due 90 days or more in the Bank's SEC Forms 10-Q for the Third Quarter of 2009 and First Quarter of 2010 and in the Bank's Form 10-K for 2009.

During the period of the Indictment, SEC Regulation S-K set forth the requirements applicable to the content of the non-financial statement portions of periodic reports filed with the Securities and Exchange Commission.

Item 303 of Regulation S-K set forth the information that securities registrants were required to discuss in the "Management's discussion and analysis of financial condition and results of operations" section of periodic filings.  Item 303 directs the attention of "bank holding companies," such as Wilmington Trust Corporation, to "the information called for in" SEC Industry Guide 3.

SEC Industry Guide 3 governs statistical disclosures by Bank Holding Companies. Section III of Guide 3, entitled "Loan Portfolio" contains a subsection entitled "Risk Elements." which addresses the reporting of "Past Due" Loans in SEC Management Discussion and Analysis disclosures.  The "Past Due" section states that Bank Holding Companies must, as of the end of each reported period, state separately the aggregate of "Accruing loans which are contractually past due 90 days or more as to principal or interest payments."[59]

---

[59] SEC Regulation S-K Item 303 (17 CFR § 229.303) (which describes the necessary content of the MD&A section; sets forth the requirements of a public company to identify all trends, demands, and uncertainties; and directs "the attention of bank holding companies … to the information called for in Guide 3"; SEC Industry Guide 3, Section III.B (which addresses Risk Elements in a bank holding company's loan portfolio and the reporting of nonaccrual, past due, and restructured loans); SEC Guidance Regarding Management's Discussion and Analysis of Financial Condition and Results of Operations (SEC Release 33-8350/34-48960 (17 C.F.R. Parts 211, 231, and 241)), which sets forth SEC interpretive guidance on disclosures required by Regulation S-K Item 303

### Reporting of Past Due Accounting Policy in Financial Statements

During the period set forth in the Indictment, federal securities regulations required public companies to file financial statements in accordance with generally accepted accounting principles, or GAAP.  GAAP required that a securities registrant such as Wilmington Trust provide a summary of significant accounting policies in its footnotes to financial statements contained in periodic SEC filings.

GAAP further provided that an entity's summary of significant accounting policies for financing receivable should include "the policy for determining past due or delinquent status (that is, whether past due status is based on how recently payments have been received or contractual terms)."[60]

---

[60] SEC Regulation S-X Item 4-01(a) (17 C.F.R. § 210.4-01) (describing the form, order, and terminology of financial statements, including that financial statements should be prepared in accordance with generally accepted accounting principles, stating that financial statements not prepared in accordance with GAAP will presumed to be misleading or inaccurate); FASB Statement of Financial Accounting Standards No. 168, which establishes the FASB Accounting Standards Codification as the source of authoritative accounting principles to be applied in conformity with generally accepted accounting principles; FASB ASC 235 ("Notes to Financial Statements"), which requires a public company to disclose its significant accounting policies; FASB ASC 310-10-50-6, 310-10-50-7 (as in existence September 2009 through June 2010); Auditing and Accounting Guide for Depository and Lending Institutions, Section 8.133 ("Financial Statement Presentation and Disclosure")

### Testimony of Mr. Donald Walker

The government called Mr. Donald Walker as an expert witness to testify, in part, regarding certain Securities and Exchange Commission rules and regulations regarding the disclosure of past due loans, the way in which such rules and regulations are publicized, the manner in which the SEC would have interpreted its own rules and regulations regarding the disclosure of past due loans, and the steps that the SEC may have taken in response to any perceived inaccurate disclosure during the period of the Indictment.

You may not consider Mr. Walker's testimony regarding whether any of the defendants, in fact, violated the law, or whether the Defendants' past due loan disclosures in the Bank's SEC Reports were false as charged in the Indictment.  Mr. Walker did not testify whether any of the defendants violated securities rules or regulations.  You may, however, consider Mr. Walker's testimony for the limited purpose of determining the defendants' motive, knowledge, or intent to commit the charged offenses, or whether, as applicable, the defendants acted willfully.  You may further consider Mr. Walker's testimony for the limited purpose of showing whether the SEC would have considered certain alleged false disclosures regarding past due loans were material. That is, whether the alleged false disclosures would have tended to influence a decisionmaker at the SEC in taking official action.  You may not consider Mr. Walker's testimony for any other purpose.[61]

---

[61] *United States v. Fumo*, 655 F.3d 288, 302-03 (3d Cir. 2011); *United States v. Bryant*, 655 F.3d 232, 250-51 (3d Cir. 2011); *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 218 (3d Cir. 2006).

## Testimony of Mr. Douglas Carpenter

The government also called Mr. Douglas Carpenter as a witness to testify, in part, regarding certain filing requirements for Call Reports, the way in which such filing requirements are publicized, and the manner in which the Federal Reserve would have interpreted the filing requirements regarding the disclosure of past due loans in Call Reports during the period of the Indictment.

You may not consider Mr. Carpenter's testimony regarding whether any of the defendants, in fact, violated the law, or whether the Defendants' past due loan disclosures in the Bank's Call Reports were false as charged in the Indictment.  Mr. Walker did not testify whether any of the defendants violated the Call Report filing requirements.  You may, however, consider Mr. Walker's testimony for the limited purpose of determining the defendants' motive, knowledge, or intent to commit the charged offenses, or whether, as applicable, the defendants acted willfully.  You may further consider Mr. Walker's testimony for the limited purpose of showing whether the alleged false statements in the Bank's Call Reports were material.  You may not consider Mr. Walker's testimony for any other purpose.[62]

---

[62] *United States v. Fumo*, 655 F.3d 288, 302-03 (3d Cir. 2011); *United States v. Bryant*, 655 F.3d 232, 250-51 (3d Cir. 2011); *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 218 (3d Cir. 2006).

### Testimony of Mr. Neil Librock

The government also called Mr. Neil Librock as a witness to testify, in part, about banking customs and practices, as well as to identify certain banking laws, regulations, and rules in existence and publicly-available during the period of the Indictment.

You may not consider Mr. Librock's testimony regarding whether any of the defendants, in fact, violated the law, or whether the Defendants' past due loan disclosures in the Bank's Call Reports or SEC Reports were false as charged in the Indictment.  Mr. Librock did not testify whether any of the defendants violated banking customs or practices.  Nor did he testify whether any of the defendants violated any particular SEC or Federal Reserve reporting requirements. You may, however, consider Mr. Librock's testimony for the limited purpose of determining the defendants' motive, knowledge, or intent to commit the charged offenses, or whether, as applicable, the defendants acted willfully.[63]

---

[63] *United States v. Fumo*, 655 F.3d 288, 302-03 (3d Cir. 2011); *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 218 (3d Cir. 2006).

**Testimony of Alan Hess**

The government also called Dr. Alan Hess to testify as an expert regarding the alleged impact that the Bank's allegedly false securities and regulatory disclosures had on the price of Wilmington Trust stock at the time of the capital raise in February 2010.

You may consider Dr. Hess's stock-price testimony for the limited purpose of proving that any false of fraudulent securities and regulatory disclosures were material.  That is, you may consider the stock-price testimony to determine whether there was a substantial likelihood that the truthful disclosure of the alleged false statements regarding past due loans would have been viewed by a reasonable investor as having significantly altered the "total mix" of information available to that investor.

In determining whether the government has established the materiality of an alleged false or fraudulent disclosure, you are not limited to only considering the testimony of Dr. Hess.  You may consider all relevant information that might bear on the decisionmaking of a reasonable investor.  In addition, the government is not required to prove that the alleged false and fraudulent disclosures caused Bank shareholders, in fact, to suffer any losses.[64]

---

[64] *Basic Inc. v. Levinson*, 485 U.S. 224, 231–232 (1988) (defining "materiality" in the context of a reasonable investor); *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976) (same); *United States v. Schiff*, 602 F.3d 152, 177 (3d Cir. 2010) (stating that stock price drop testimony may be relevant to prove materiality); *United States v. Schiff*, 538 F.Supp. 2d 818, 836  n.17 (D.N.J. 2008) (stating that market loss is not an element of securities fraud) (collecting cases); *United States v. Litvak*, 808 F.3d 160, 175-180 (2d Cir. 2015) (holding that testimony from representatives of counterparties to a transaction may be relevant to the materiality of a reasonable investor); *United States v. Ferguson*, No. 3:06CR137 (CFD), 2007 WL 4556625 (D. Conn. Dec. 20, 2007) (allowing stock analyst testimony for purposes of proving materiality regarding impact on their own valuation of company had they known of alleged fraud)

## **Opinion Evidence (Lay Witnesses) (F.R.E. 701) [if applicable]**

Non-expert witnesses are not generally permitted to state their personal opinions about important questions in a trial.  However, a witness may be allowed to testify to his or her opinion if it is rationally based on the witness' perception and is helpful to a clear understanding of the witness' testimony or to the determination of a fact in issue.

In this case, I permitted (*name*) to offer (*his*)(*her*) opinion based on (*his*)(*her*) perceptions.  The opinion of this witness should receive whatever weight you think appropriate, given all the other evidence in the case and the other factors discussed in these instructions for weighing and considering whether to believe the testimony of witnesses.[65]

---

[65]Model Criminal Jury Instructions, 3d Circuit, § 4.09.

**Accomplice Liability: Aiding and Abetting (18 U.S.C. § 2(a))**

A person may be guilty of an offense because he or she personally committed the offense himself or herself or because he or she aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleges that William North aided and abetted Wilmington Trust Corporation, Robert Harra, and David Gibson in committing Counts Three to Sixteen as charged in the indictment, and Kevyn Rakowski aided and abetted Wilmington Trust Corporation, Robert Harra, and David Gibson in committing Counts Three, Six to Eleven, and Thirteen to Sixteen.  For these specified offenses, I will refer to Wilmington Trust Corporation, Robert Harra, David Gibson, and (as to Counts Two Four and Five, Ms. Rakowski) as principals.  In order to find William North or Kevyn Rakowski guilty of these identified offenses because he or she aided and abetted one or more of the principals in committing these offenses, you must find that the government proved beyond a reasonable doubt each of following four (4) requirements:

First:  That one or more of the principals committed the offenses charged by committing each of the elements of the offense(s) charged, as I have explained those elements to you in these instructions.  The principals need need not have been charged with or found guilty of the offense(s), however, as long as you find that the government proved beyond a reasonable doubt that he or she committed the offense;

Second:  That the defendant knew that the offense charged was going to be committed or was being committed by the principal;

Third:  That the defendant knowingly did some act for the purpose of aiding, assisting, facilitating, or encouraging the principal  in committing the specific offense charged and

with the intent that the principal commit that specific offense; and

Fourth:  That the defendant performed an act in furtherance of the offense(s) charged.

In deciding whether the defendant had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including the defendant)'s words and actions and the other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense  is not enough for you to find the defendant guilty as an aider and abetter.  If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself or herself with the offense, you may not find the defendant guilty of the offense as an aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by the principal as something the defendant wished to bring about and to make succeed.

To show that the defendant performed an act in furtherance of the offense charged, to satisfy the fourth requirement, the government needs to show some affirmative participation by the defendant which at least encouraged the principal to commit the offense.  That is, you must find that the defendant's acts did, in some way, aid, assist, facilitate, or encourage the principal to commit the offense.  The defendants' acts need not further aid, assist, facilitate, or encourage every part or phase or element of the offense charged; it is enough if the defendant's acts further aid, assist, facilitate, or encourage only one part or phase or element of the offense(s).  Also, the defendant's acts need not themselves be against the law.[66]

---

[66] Model Criminal Jury Instructions, 3d Circuit, § 7.02.

## **Corporate Criminal Responsibility**

A corporation is a legal entity that may act only through individuals who are called its agents.  The agents of a corporation are its officers, directors, employees, and other persons who are authorized by the corporation to act for it.

You must give to a corporate defendant the same impartial consideration of the evidence that you would give to an individual defendant.  You may find a corporate defendant guilty or not guilty of the offense charged under the same instructions that apply to an individual.

The legal responsibility of a corporation, if any, is based on the conduct of its agents. The government has identified Robert Harra, David Gibson, Kevyn Rakowski, William North, Brian Bailey, and Joseph Terranova as possible co-conspirators for purposes of Count One.  A corporation may be convicted under 18 U.S.C. § 371 for a conspiracy entered into by its agents and employees.  To convict Wilmington Trust on Count One, you must find beyond a reasonable doubt that two or more of the individual corporate officers identified above engaged in a conspiracy on its behalf.

Similarly, the legal responsibility for a corporation on the remaining counts, Counts Two through Sixteen, if any, is based on the conduct of its agents.  In this case, those agents include the four Individual Defendants, Mr. Bailey, Mr. Terranova, and any former Wilmington Trust employee who committed an offense within the scope of his or her employment, as defined below.  Thus, to find Wilmington Trust guilty of Counts Two through Sixteen of the indictment, you must find that the government proved beyond a reasonable doubt each of the following three (3) requirements:

> First: That each of the elements of a charged offense was committed by an officer, director, employee, or other agent of Wilmington Trust.  I have explained in these instructions the elements of Counts Two through Sixteen.

Second: That each of the acts committed by an agent of Wilmington Trust Corporation were within the course and scope of the employment or agency given to the agent by Wilmington Trust Corporation; and

Third: That the agent of Wilmington Trust Corporation committed each of these acts with the intent to benefit Wilmington Trust Corporation.

In order to find that an act was committed within the course and scope of the employment or agency given to the agent, the evidence must prove that the act related directly to the general duties that the agent was expected to perform by Wilmington Trust Corporation.  However, the government does not need to prove that the act was authorized by Wilmington Trust Corporation formally or in writing.

If the acts were not within the course and scope of employment or agency of the agent of Wilmington Trust Corporation at the time the acts were committed, the acts of the agent may have been later approved or adopted by Wilmington Trust Corporation.  An act of an agent has been approved or adopted by the corporation if another agent of the corporation, who was acting within the course and scope of his or her employment or agency and with the intent to benefit Wilmington Trust Corporation, later approved the earlier act with knowledge of the earlier act.

An agent of Wilmington Trust Corporation was not acting within the course and scope of his or her employment if that person performed an act which Wilmington Trust Corporation, in good faith, had forbidden that agent to perform.  A corporate defendant is not responsible for acts which it tries to prevent.  However, a corporate defendant, like an individual defendant, may not avoid criminal responsibility by meaningless or purely self-serving pronouncements.[67]

---

[67] Model Criminal Jury Instructions, 3d Circuit, § 7.06; *United States v. Basroon*, 38 Fed. Appx. 772, 781 (3d Cir. 2002); *United States v. Hughes Aircraft Co.*, 20 F.3d 974, 978–79 (9th Cir. 1994); *United States v. Ames Sintering Co.*, 927 F.2d 232, 236 (6th Cir. 1990); *United States v. Hugh Chalmers Chevrolet–Toyota, Inc.*, 800 F.2d 737, 738 (8th Cir. 1986); *United States v. Peters*, 732 F.2d 1004, 1007–08 (1st Cir. 1984); *United States v. Hartley*, 678 F.2d 961 (11th Cir. 1982).

## **Personal Criminal Responsibility of a Corporate Agent**

A person is personally responsible under the criminal law for acts he or she performs or causes to be performed on behalf of a corporation, just the same as if he or she performed those acts on his or her own behalf.

However, a person who is an agent of a corporation is not criminally responsible for illegal acts committed by another agent on behalf of that corporation merely because of his or her status as an agent of the corporation.[68]

---

[68] Model Criminal Jury Instructions, 3d Circuit, § 7.07.

## **Motive Explained**

Motive is not an element of the offenses with which the defendants are charged.  Proof of bad motive is not required to convict.  Further, proof of bad motive alone does not establish that a defendant is guilty and proof of good motive alone does not establish that a defendant is not guilty.  Evidence of a defendant's motive may, however, help you find that defendant's intent.

Intent and motive are different concepts.  Motive is what prompts a person to act.  Intent refers only to the state of mind with which the particular act is done.

Personal advancement and financial gain, for example, are motives for much of human conduct.  However, these motives may prompt one person to intentionally do something perfectly acceptable while prompting another person to intentionally do an act that is a crime.[69]

---

[69] Model Criminal Jury Instructions, 3d Circuit, § 5.04.

## <u>Summaries - Underlying Evidence Admitted</u>

*(The parties)(The government)(The defendant)* presented certain *(charts)(summaries)* in order to help explain the facts disclosed by the *(describe the admitted evidence that provided the basis for the summaries; e.g., books, records, documents)* which were admitted as evidence in the case.  The *(charts)(summaries)* are not themselves evidence or proof of any facts.  If the *(charts)(summaries)* do not correctly reflect the evidence in the case, you should disregard them and determine the facts from the underlying evidence.[70]

---

[70] Model Criminal Jury Instructions, 3d Circuit, § 4.10.

## **Summaries – Underlying Evidence Not Admitted (F.R.E. 1006)**

Certain *(charts)(summaries)* offered by *(the parties)(the government)(the defendant)* were admitted as evidence.  You may use those *(charts)(summaries)* as evidence, even though the underlying documents and records have not been admitted into evidence.[71]

---

[71] Model Criminal Jury Instructions, 3d Circuit, § 4.11.

## Specific Investigation Techniques Not Required

During the trial you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques such as *(mention omitted techniques that have been addressed in testimony or argument)*. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty.  However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case.  There is no requirement to *(mention omitted techniques)*.

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendants' guilt beyond a reasonable doubt.[72]

---

[72] Model Criminal Jury Instructions, 3d Circuit, § 4.14.

## **Defendant's Choice Not to Testify or Present Evidence [if applicable]**

Defendants [Harra, Gisbson, North, and Rakowski] did not testify and did not present evidence in this case.  A defendant has an absolute constitutional right not to testify or to present any evidence.  The burden of proof remains with the prosecution throughout the entire trial and never shifts to the defendant. A defendant is never required to prove that he or she is innocent. You must not attach any significance to the fact that the defendant did not testify.  You must not draw any adverse inference against him because he or she did not take the witness stand.  Do not consider, for any reason at all, the fact that the defendant did not testify.  Do not discuss that fact during your deliberations or let it influence your decision in any way.[73]

---

[73] Model Criminal Jury Instructions, 3d Circuit, § 4.27.

## **Defendant's Testimony [if applicable]**

In a criminal case, the defendant has a constitutional right not to testify.  However, if the defendant chooses to testify, (he or she) is, of course, permitted to take the witness stand on his own behalf.  In this case, the defendant [INSERT NAME(s)] testified.  You should examine and evaluate (his or her) testimony just as you would the testimony of any witness.[74]

---

[74] Model Criminal Jury Instructions, 3d Circuit, § 4.28.

### **Defendant's Prior Bad Acts or Crimes (F.R.E. 404(b)) [if applicable]**

You have heard testimony *(summarize the other act evidence)*.

This evidence of other act*(s)* was admitted only for *(a)* limited purpose*(s)*.  You may only consider this evidence for the purpose of *providing background evidence or completing the story of the charged offense, or deciding whether*

- *the defendant had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment; or*

- *the defendant had a motive or the opportunity to commit the acts charged in the indictment; or*

- *the defendant did not commit the acts for which the defendant is on trial by accident or mistake; or*

- *the defendant's conduct reflects consciousness of guilt.*

*You may consider this evidence to help you decide (describe how the evidence will be used for the particular purpose under Rule 404(b)).*

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts.  You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crime*(s)* charged.  You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes.  Specifically, you may not use this evidence to conclude that

because the defendant may have committed the other act*(s)*, *(he)(she)* must also have committed the act*(s)* charged in the indictment.

Remember that the defendant is on trial here only for (*the charges set forth in the indictment*), not for these other acts.  Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.[75]

---

[75] Model Criminal Jury Instructions, 3d Circuit, § 4.29.

**Prior Statement of Non-testifying Defendant in Multi-Defendant Trial [if applicable]**

The government introduced evidence that the defendant *(name of defendant)* made a statement to *(name of person who took statement)*.  I caution you that you may consider *(name of defendant)*'s statement to *(name of person who took statement)* only in resolving whether *(name of defendant)* is guilty or not guilty.  You may not consider or discuss this evidence in any way in resolving whether *(name of co-defendant, if there is only one) (any of the other defendants on trial) (is)(are)* guilty or not guilty.  *(Name of defendant)*'s statement is evidence only against *(name of defendant)* and not against *(name of co-defendant)(any other defendant)*.

You must decide whether *(name of defendant)* did in fact make the statement.  If you find that *(name of defendant)* did make the statement, then you must decide what weight, if any, you feel the statement deserves.  In making this decision, you should consider all matters in evidence having to do with the statement, including those concerning *(name of defendant) (himself)(herself)* and the circumstances under which the statement was made.[76]

---

[76] Model Criminal Jury Instructions, 3d Circuit, § 4.33.

**<u>Willful Blindness</u>**

To find *(name)* guilty of *(state the offense)*, you must find that the government proved beyond a reasonable doubt that *(name)* knew *(state the fact or circumstance, knowledge of which is required for the offense charged)*.  In this case, there is a question whether *(name)* knew *(state the fact or circumstance, knowledge of which is required for the offense)*.  When, as in this case, knowledge of a particular fact or circumstance is an essential part of the offense charged, the government may prove that *(name)* knew of that fact or circumstance if the evidence proves beyond a reasonable doubt that *(name)* deliberately closed *(his) (her)* eyes to what would otherwise have been obvious to *(him) (her)*.

No one can avoid responsibility for a crime by deliberately ignoring what is obvious. Thus, you may find that *(name)* knew *(state the fact or circumstance, knowledge of which is required for the offense charged)* based on evidence which proves that: (1) *(name) (himself) (herself) [actually,]* subjectively believed that there was a high probability that this *(fact) (circumstance)* existed, and (2) *(name)* consciously took deliberate actions to avoid learning *[used deliberate efforts to avoid knowing]* about the existence of this *(fact) (circumstance)*.

You may not find that *(name)* knew *(state the fact or circumstance, knowledge of which is required for the offense charged)* if you find that the defendant actually believed that this *(fact) (circumstance)* did not exist.  Also, you may not find that *(name)* knew *(state the fact or circumstance, knowledge of which is required for the offense charged)* if you find only that *(name)* consciously disregarded a risk that the *(fact) (circumstance)* existed, or that *(name)* should have known that the *(fact) (circumstance)* existed, or that a reasonable person would have known of a high probability that the *(fact) (circumstance)* existed.  It is not enough that *(name)* may have been reckless or stupid or foolish, or may have acted out of inadvertence or accident.  You must find that *(name) (himself) (herself) [actually,]* subjectively believed there was a high probability of the existence of *(state the fact or circumstance, knowledge of which is required for the offense charged)*, consciously took deliberate actions to avoid learning *[used deliberate efforts to avoid knowing]* about it, and did not actually believe that it did not exist.[77]

---

[77] Model Criminal Jury Instructions, 3d Circuit, § 5.06.

### Other Lawful Actions Not Relevant

That the defendants may have run or helped to run a legitimate business over the years or may have engaged in lawful transactions is irrelevant standing alone.  The question is not how many times a defendant obeyed the law but whether on the occasions charged he or she violated the law.[78]

---

[78] *United States v. Kreimer*, 609 F.2d 126, 130 (5th Cir. 1980); *United States v. Williams*, Case No. 2:17-cr-00137-PD (D.I. 77); *United States v. Fumo*, Case No. 2:06-cr-00319-LS (D.I. 429).