# Exhibit A



# FEDERAL REGISTER

Vol. 76

No. 26

Tuesday,

February 8, 2011

Part V

Department of the Treasury

Office of the Comptroller of the Currency

Federal Reserve Board

Federal Deposit Insurance Corporation

Department of the Treasury

Office of Thrift Supervision

Proposed Agency Information Collection Activities; Comment Requests; Intent to Discontinue and Request for Comment; Notice of Intent to Require Reporting Forms for Savings and Loan Holding Companies; Notices

# DEPARTMENT OF THE TREASURY

## Office of the Comptroller of the Currency

# FEDERAL RESERVE BOARD

# FEDERAL DEPOSIT INSURANCE CORPORATION

# DEPARTMENT OF THE TREASURY

## Office of Thrift Supervision

## Proposed Agency Information Collection Activities; Comment Request

**AGENCY:** Office of the Comptroller of the Currency (OCC), Treasury; Board of Governors of the Federal Reserve System (Board); Federal Deposit Insurance Corporation (FDIC); and Office of Thrift Supervision (OTS), Treasury.

**ACTION:** Joint notice and request for comment.

**SUMMARY:** In accordance with the requirements of the Paperwork Reduction Act (PRA) of 1995 (44 U.S.C. chapter 35), the OCC, the Board, the FDIC, and the OTS (the "agencies") may not conduct or sponsor, and the respondent is not required to respond to, an information collection unless it displays a currently valid Office of Management and Budget (OMB) control number. The agencies, under the auspices of the Federal Financial Institutions Examination Council, have approved the publication for public comment of a proposal to require savings associations currently filing the Thrift Financial Report (TFR) to convert to filing the Consolidated Reports of Condition and Income (Call Report) beginning with the reporting period ending on March 31, 2012.

In addition, the Board is publishing a notice of its intent to require savings and loan holding companies (SLHCs) to submit to the Board all regulatory reports that are currently required to be filed by bank holding companies (BHCs), beginning with the reporting period ending on March 31, 2012. *See* the Board's separate Notice of Intent for its plans regarding SLHC reporting in today's **Federal Register.**

The TFR and the Call Report are currently approved collections of information. At the end of the comment period, the comments and recommendations received will be analyzed to determine the extent to which the agencies should modify the proposal for savings associations to convert to filing the Call Report prior to giving final approval. The agencies will then submit the proposal to OMB for review and approval.

**DATES:** Comments must be submitted on or before April 11, 2011.

**ADDRESSES:** Interested parties are invited to submit written comments to any or all of the agencies. All comments, which should refer to the OMB control number(s), will be shared among the agencies.

*OCC:* You should direct all written comments to: Communications Division, Office of the Comptroller of the Currency, Mailstop 2–3, Attention: 1557–0081, 250 E Street, SW., Washington, DC 20219. In addition, comments may be sent by fax to (202) 874–5274, or by electronic mail to *regs.comments@occ.treas.gov.* You may personally inspect and photocopy comments at the OCC, 250 E Street, SW., Washington, DC 20219. For security reasons, the OCC requires that visitors make an appointment to inspect comments. You may do so by calling (202) 874–4700. Upon arrival, visitors will be required to present valid government-issued photo identification and to submit to security screening in order to inspect and photocopy comments.

*Board:* You may submit comments, which should refer to "Consolidated Reports of Condition and Income (FFIEC 031 and 041)," by any of the following methods:

• *Agency Web Site: http:// www.federalreserve.gov.* Follow the instructions for submitting comments on the *http://www.federalreserve.gov/ generalinfo/foia/ProposedRegs.cfm.*

• *Federal eRulemaking Portal: http:// www.regulations.gov.* Follow the instructions for submitting comments.

• *E-mail: regs.comments@federalreserve.gov.* Include reporting form number in the subject line of the message.

• *FAX:* (202) 452–3819 or (202) 452–3102.

• *Mail:* Jennifer J. Johnson, Secretary, Board of Governors of the Federal Reserve System, 20th Street and Constitution Avenue, NW., Washington, DC 20551.

All public comments are available from the Board's Web site at *http:// www.federalreserve.gov/generalinfo/ foia/ProposedRegs.cfm* as submitted, unless modified for technical reasons. Accordingly, your comments will not be edited to remove any identifying or contact information. Public comments may also be viewed electronically or in paper in Room MP–500 of the Board's Martin Building (20th and C Streets, NW.) between 9 a.m. and 5 p.m. on weekdays.

*FDIC:* You may submit comments, which should refer to "Consolidated Reports of Condition and Income, 3064–0052," by any of the following methods:

• *Agency Web Site: http:// www.fdic.gov/regulations/laws/federal/ propose.html.* Follow the instructions for submitting comments on the FDIC Web site.

• *Federal eRulemaking Portal: http:// www.regulations.gov.* Follow the instructions for submitting comments.

• *E-mail: comments@FDIC.gov.* Include "Consolidated Reports of Condition and Income, 3064–0052" in the subject line of the message.

• *Mail:* Gary A. Kuiper, (202) 898–3877, Counsel, Attn: Comments, Room F–1072, Federal Deposit Insurance Corporation, 550 17th Street, NW., Washington, DC 20429.

• *Hand Delivery:* Comments may be hand delivered to the guard station at the rear of the 550 17th Street Building (located on F Street) on business days between 7 a.m. and 5 p.m.

*Public Inspection:* All comments received will be posted without change to *http://www.fdic.gov/regulations/laws/ federal/propose.html* including any personal information provided. Comments may be inspected at the FDIC Public Information Center, Room E–1002, 3501 Fairfax Drive, Arlington, VA 22226, between 9 a.m. and 5 p.m. on business days.

*OTS:* You may submit comments, identified by "1550–0023 (TFR: Conversion to Call Report)," by any of the following methods:

• *Federal eRulemaking Portal: http:// www.regulations.gov.* Follow the instructions for submitting comments.

• *E-mail address: infocollection.comments@ots.treas.gov.* Please include "1550–0023 (TFR: Conversion to Call Report)" in the subject line of the message and include your name and telephone number in the message.

• *Fax:* (202) 906–6518.

• *Mail:* Information Collection Comments, Chief Counsel's Office, Office of Thrift Supervision, 1700 G Street, NW., Washington, DC 20552, *Attention:* "1550–0023 (TFR: Conversion to Call Report)."

• *Hand Delivery/Courier:* Guard's Desk, East Lobby Entrance, 1700 G Street, NW., from 9 a.m. to 4 p.m. on business days, *Attention:* Information Collection Comments, Chief Counsel's Office, Attention: "1550–0023 (TFR: Conversion to Call Report)."

*Instructions:* All submissions received must include the agency name and OMB Control Number for this information

collection. All comments received will be posted without change to the OTS Internet Site at *http://www.ots.treas.gov/pagehtml.cfm?catNumber=67&an=1*, including any personal information provided.

*Docket:* For access to the docket to read background documents or comments received, go to *http://www.ots.treas.gov/pagehtml.cfm?catNumber=67&an=1*. In addition, you may inspect comments at the Public Reading Room, 1700 G Street, NW., by appointment. To make an appointment for access, call (202) 906–5922, send an e-mail to *public.info@ots.treas.gov*, or send a facsimile transmission to (202) 906–7755. (Prior notice identifying the materials you will be requesting will assist us in serving you.) The OTS schedules appointments on business days between 10 a.m. and 4 p.m. In most cases, appointments will be available the next business day following the date we receive a request.

Additionally, commenters may send a copy of their comments to the OMB desk officer for the agencies by mail to the Office of Information and Regulatory Affairs, U.S. Office of Management and Budget, New Executive Office Building, Room 10235, 725 17th Street, NW., Washington, DC 20503, or by fax to (202) 395–6974.

**FOR FURTHER INFORMATION CONTACT:** For further information about the proposal discussed in this notice, please contact any of the agency clearance officers whose names appear below.

In addition, copies of the reporting forms and instructions for the FFIEC 031, Consolidated Reports of Condition and Income for a Bank with Domestic and Foreign Offices, can be obtained at the FFIEC's Web site (*http://www.ffiec.gov/forms031.htm*).

Copies of the reporting forms and instructions for the FFIEC 041, Consolidated Reports of Condition and Income for a Bank with Domestic Offices Only, can be obtained at the FFIEC's Web site (*http://www.ffiec.gov/forms041.htm*).

Copies of the reporting forms and instructions for the TFR can be obtained at the OTS's Web site (*http://www.ots.treas.gov/?p=ThriftFinancialReports*).

*OCC:* Mary Gottlieb, OCC Clearance Officer, (202) 874–5090, Legislative and Regulatory Activities Division, Office of the Comptroller of the Currency, 250 E Street, SW., Washington, DC 20219.

*Board:* Cynthia Ayouch, Acting Federal Reserve Board Clearance Officer, (202) 452–3829, Division of Research and Statistics, Board of Governors of the Federal Reserve System, 20th and C Streets, NW., Washington, DC 20551. Telecommunications Device for the Deaf (TDD) users may call (202) 263–4869.

*FDIC:* Gary A. Kuiper, Counsel, (202) 898–3877, Legal Division, Federal Deposit Insurance Corporation, 550 17th Street, NW., Washington, DC 20429.

*OTS:* Ira L. Mills, OTS Clearance Officer, at *Ira.Mills@ots.treas.gov*, (202) 906–6531, or facsimile number (202) 906–6518, Regulations and Legislation Division, Chief Counsel's Office, Office of Thrift Supervision, 1700 G Street, NW., Washington, DC 20552.

**SUPPLEMENTARY INFORMATION:** The agencies are proposing to revise the reporting panel for the Call Report and to cease collection of data through all schedules of the TFR beginning with the reporting period ending on March 31, 2012. The Call Report is currently an approved collection of information for the OCC, the Board, and the FDIC. The TFR is currently an approved collection of information for the OTS.

1. *Report Title:* Consolidated Reports of Condition and Income (Call Report).

*Form Number:* Call Report: FFIEC 031 (for banks with domestic and foreign offices) and FFIEC 041 (for banks with domestic offices only).

*Frequency of Response:* Quarterly.
*Affected Public:* Business or other for-profit.

### OCC

*OMB Number:* 1557–0081.

*Current*

*Estimated Number of Respondents:* 1,491 national banks.
*Estimated Time per Response:* 53.25 burden hours.
*Estimated Total Annual Burden:* 317,583 burden hours.

*Proposed*

*Estimated Number of Respondents:* 2,171 (1,491 national banks and 680 Federal savings associations).
*Estimated Time per Response: National banks:* 53.25 burden hours per quarter to file.
*Federal savings associations:* 53.25 burden hours per quarter to file and 188 burden hours for the first year to convert systems and conduct training.
*Estimated Total Annual Burden: National banks:* 317,583 burden hours to file.
*Federal savings associations:* 144,840 burden hours to file; 127,840 burden hours for the first year to convert systems and conduct training.
*Total:* 590,263 burden hours.

### Board

*OMB Number:* 7100–0036.

*Current*

*Estimated Number of Respondents:* 841 State member banks.
*Estimated Time per Response:* 55.19 burden hours.
*Estimated Total Annual Burden:* 185,659 burden hours.
*Proposed:* No change.

### FDIC

*OMB Number:* 3064–0052.

*Current*

*Estimated Number of Respondents:* 4,713 insured State nonmember banks.
*Estimated Time per Response:* 40.42 burden hours.
*Estimated Total Annual Burden:* 761,998 burden hours.

*Proposed*

*Estimated Number of Respondents:* 4,774 (4,713 insured State nonmember banks and 61 State savings associations).
*Estimated Time per Response: State nonmember banks:* 40.42 burden hours per quarter to file.
*State savings associations:* 40.42 burden hours per quarter to file and 188 burden hours for the first year to convert systems and conduct training.
*Estimated Total Annual Burden: State nonmember banks:* 761,998 burden hours to file.
*State savings associations:* 9,862 burden hours to file; 11,468 burden hours for the first year to convert systems and conduct training.
*Total:* 783,328 burden hours.

The estimated time per response for the Call Report is an average that varies by agency because of differences in the composition of the institutions under each agency's supervision (*e.g.*, size distribution of institutions, types of activities in which they are engaged, and existence of foreign offices). The average reporting burden for the Call Report is estimated to range from 17 to 665 hours per quarter, depending on an individual institution's circumstances.

2. *Report Title:* Thrift Financial Report (TFR).

*Form Number:* OTS 1313 (for savings associations).

*Frequency of Response:* Quarterly; Annually.

*Affected Public:* Business or other for-profit.

### OTS

*OMB Number:* 1550–0023.

*Current*

*Estimated Number of Respondents:* 741 savings associations.
*Estimated Time per Response:* 37.5 burden hours.

*Estimated Total Annual Burden:* 111,150 burden hours.

*Proposed*

*Estimated Number of Respondents:* Not applicable.

*Estimated Time per Response:* Not applicable.

*Estimated Total Annual Burden:* Not applicable.

The burden estimates in this notice above are for the quarterly filings of the TFR and the Call Report. In addition to those filings, savings associations would incur an initial burden of converting systems and training staff to prepare and file the Call Report in place of the TFR as proposed. Accordingly, the burden estimates in this notice above for savings associations also include the time to convert to filing the Call Report, including necessary systems changes and training staff on Call Report preparation and filing, which is estimated to average 188 hours.

As a general statement, larger institutions and those with more complex operations would expend a greater number of hours than smaller institutions and those with less complex operations. An institution's use of service providers for the information and accounting support of key functions, such as credit processing, transaction processing, deposit and customer information, general ledger, and reporting should result in lower burden hours for converting to the Call Report. Institutions with staff having experience in preparing and filing the Call Report should incur lower initial burden hours for converting to the Call Report from the TFR.

A summary of the estimated initial burden hours for savings associations regarding the proposed conversion to the Call Report from the TFR is presented below.

*Estimated Initial Burden of Proposal*

*Estimated Number of Institutions:* 741 savings associations.

*Estimated Time per Institution:* 188 burden hours.

*Estimated Total Burden:* 139,308 burden hours.

**General Description of Reports**

These information collections are mandatory: 12 U.S.C. 161 (for national banks), 12 U.S.C. 324 (for State member banks), 12 U.S.C. 1817 (for insured State nonmember commercial and savings banks), and 12 U.S.C. 1464 (for savings associations). At present, except for selected data items, the Call Report and TFR are not given confidential treatment.

**Abstract**

Institutions submit Call Report and TFR data to the agencies each quarter for the agencies' use in monitoring the condition, performance, and risk profile of individual institutions and the bank and savings association industries as a whole. Call Report and TFR data provide the most current statistical data available for evaluating institutions' corporate applications, for identifying areas of focus for both on-site and off-site examinations, and for monetary and other public policy purposes. The agencies use Call Report and TFR data in evaluating interstate merger and acquisition applications to determine, as required by law, whether the resulting institution would control more than ten percent of the total amount of deposits of insured depository institutions in the United States. Call Report and TFR data also are used to calculate all institutions' deposit insurance and Financing Corporation assessments, and national banks' and savings associations' assessments.

**Effect of Recent Legislation**

The Dodd-Frank Wall Street Reform and Consumer Protection Act, Public Law 111–203 (the Dodd-Frank Act) was enacted into law on July 21, 2010. Title III of the Dodd-Frank Act abolishes the OTS, provides for its integration with the OCC effective as of July 21, 2011 (the "transfer date"), and transfers the OTS's functions to the OCC, the Board, and the FDIC. Under Title III of the Dodd-Frank Act, all functions of the OTS relating to Federal savings associations and rulemaking authority for all savings associations are transferred to the OCC. All functions of the OTS relating to State-chartered savings associations (other than rulemaking) are transferred to the FDIC. All functions of the OTS relating to supervision of SLHCs (including rulemaking) are transferred to the Board.

After careful review, the agencies believe that having common financial reports and reporting processes among all FDIC-insured entities would be more efficient and would lead to more uniform comparisons of financial condition, performance, and trends among regulated institutions. For these reasons, the OTS is proposing to eliminate the TFR, and the agencies are proposing to require savings associations to adopt the reporting routines and processes required of all other FDIC-insured banks and savings institutions.

Section 5(v)(1) of the Home Owners' Loan Act (12 U.S.C. 1464(v)(1)) does not contain a specific requirement for collection of financial information from savings associations in the TFR format. Rather, the statute provides broad authority for the OTS to determine the requirements of periodic reports and information needs. Therefore, there is no statutory impediment to requiring savings associations to convert from the TFR to the Call Report.

**Current Actions**

**I. Overview**

The agencies are proposing to implement changes to savings associations' data reporting requirements beginning with the reporting period ending on March 31, 2012. These changes, which are discussed in detail in Section II of this notice, are intended to provide data needed for reasons of safety and soundness or other public purposes. The proposed changes would require savings associations to cease filing the TFR and commence filing the Call Report beginning on the March 31, 2012, report date.

**II. Proposal To Require Savings Associations To File Call Report**

*A. Background*

In making this proposal, the agencies carefully reviewed the comments received by OTS in its 2007 Advance Notice of Proposed Rulemaking (72 FR 64003, November 14, 2007)[1] regarding a possible conversion to the Call Report. In that request for information, OTS asked commenters what information they needed to make an informed decision about the feasibility of converting to the Call Report.

Though the majority of commenters supported converting to the Call Report, OTS decided in early 2008 not to require savings associations to convert to the Call Report. A key factor in that decision was the weakening economy and the resulting increases in loan delinquencies. Given that environment, a decision was made to let savings associations focus on asset quality issues rather than diverting resources and attention to converting reporting systems.

Though the U.S. economy has not yet fully recovered from the recent severe recession, it is more stable than it was in early 2008. Further, the OTS-regulated savings association (or thrift) industry also has stabilized since the onset of the recession. The thrift industry posted positive earnings in

---

[1] Link to November 14, 2007 proposal published at 72 FR 64003: *http://www.ots.treas.gov/_files/commenttopics/8f697712-0718-411f-a004-470f790edf80.pdf.*

Case 1:15-cr-00023-RGA Document 719-1 Filed 03/23/18 Page 6 of 8 PageID #: 11233

each of the five most recent quarters [2] after experiencing net losses from fourth quarter 2007 through second quarter 2009. In addition, loss allowances and capital have been bolstered to record or near record levels. Moreover, the steep increases in thrifts' troubled assets—loans 90 or more days delinquent or in nonaccrual status plus repossessed assets—which occurred during the early part of the recession, have abated. For example, the industry's ratio of troubled assets-to-total assets increased from 0.70 percent at the end of 2006 to 3.65 percent at the end of third quarter 2009. The troubled asset ratio has eased slightly since that time. At the end of the third quarter of 2010, the thrift industry's troubled assets ratio stood at 3.45 percent. The agencies believe the economic environment and thrift industry financial condition are now more favorable to pursue a conversion to the Call Report.

### B. Efforts To Reduce Burden

The commenters not supporting the conversion to the Call Report in the 2007 proposal typically voiced concern over burden and, more specifically the initial burden of converting to a different reporting system. The agencies recognize that there will be initial burden in converting to the Call Report and have estimated this burden as discussed above in this notice. However, the agencies believe there will be longer-term efficiencies to having a common financial report among all FDIC-insured entities. For savings associations, these efficiencies include the availability of more staff across the financial institution industry with experience in Call Report preparation than with TFR preparation, more training opportunities available to the financial institution industry for Call Report preparation, and more integrated general ledger-to-Call Report processes and software available to the institutions.

Efficiencies of the proposed report conversion also would extend to the agencies, which would have one set of financial information from which to evaluate and monitor the financial condition and operations of all FDIC-insured banks and savings associations.

To help reduce the burden with converting reports, the proposal would:

1. Curtail all proposed changes to the TFR for 2011 that would increase the differences between the TFR and the Call Report. Proposed changes to the TFR for 2011, announced on October 5, 2010 (75 FR 61563),[3] included changes that parallel proposed changes to the Call Report as well as changes unique to the TFR. Proposed changes unique to the TFR included proposed data collections for classified assets by major loan category and loan loss allowances by major loan category. All proposed TFR changes that increase differences with the Call Report would be curtailed in an effort to reduce the initial burden of converting to the Call Report. The OTS also would announce the decision to curtail these proposed changes in its response to comments received regarding the October 5, 2010 notice;

2. Require no additional savings association-only schedules for inclusion in the Call Report [4] upon initial migration to the Call Report. The 2007 proposal to convert from the TFR to the Call Report mentioned that certain savings association-only schedules may have been required in addition to the Call Report filed by all other FDIC-insured institutions. In general, these savings association-only schedules would have sought to capture information collected in the TFR but not in the Call Report. Such schedules included ones for more information on mortgage loans, consumer loans, and classified assets. It was envisioned in 2007 that savings association-only schedules would be added to the existing Call Report, filed through the Call Report filing process, but completed only by OTS-regulated savings associations. The addition of savings association-only schedules to the Call Report is no longer being sought or proposed;

3. Provide a "mapping" of TFR items to Call Report items. This mapping will be available on the OTS Web site at *http://www.ots.treas.gov/?p=ThriftFinancialReports* under Thrift Financial Report—TFR-to-Call Report Mapping on or before February 15, 2011. A link to this same mapping also will be made available on the FFIEC Web site under Call Report Forms at *http://www.ffiec.gov/ffiec_report_forms.htm*. Please note the findings from this mapping exercise may result in future changes to the Call Report. Any changes to the Call Report will be announced in a separate notice on which public comment will be requested;

4. Make the filing of TFR Schedule CMR *during 2011* optional for all OTS-regulated entities that have a "1" or "2" rating for their most recent composite rating under the Uniform Financial Institutions Rating System (UFIRS), have a "1" or "2" rating for their most recent UFIRS Sensitivity component rating, and have the means to adequately monitor and assess interest rate risk through internal processes pursuant to current regulatory guidance and expectations. Savings associations that decide to forego the filing of Schedule CMR under this provision would be required to notify their applicable regional office prior to the Schedule CMR filing deadline. The data collected on Schedule CMR currently are used as input for the OTS's Interest Rate Risk Model (IRR Model). The results of the IRR Model are used by examiners and supervisory staff as an aid in monitoring and gauging savings associations' interest rate risk. In addition, the OTS currently provides each institution with its own IRR Model results to aid the institution's own interest rate risk management; and

5. Propose to cease collection of Schedule CMR beginning with the March 2012 reporting period. In making this decision, the agencies again reviewed the comments received by the OTS regarding its 2007 proposal to convert from the TFR to the Call Report. As previously mentioned, the majority of commenters supported the conversion. And although eliminating Schedule CMR was not proposed by the OTS in its 2007 proposal, several commenters recommended Schedule CMR should be eliminated. Those commenters typically mentioned that Schedule CMR was burdensome and that requiring savings associations to continue to file Schedule CMR in addition to the Call Report would place more burden on them than on comparably sized commercial banks and State-chartered savings banks. Moreover, those commenters also mentioned they already had their own means to gauge and monitor interest rate risk, and therefore their receipt of IRR Model results could be eliminated with no disruption to their management of interest rate risk.

On the other hand, some commenters indicated the IRR Model results were useful, and they relied on the IRR Model results to help with managing their interest rate risk.

The agencies carefully weighed these comments before making the decision to propose eliminating Schedule CMR beginning with the March 2012 reporting period. The agencies believe it is more efficient, for institutions filing the required reports and the agencies as well, to have a common financial report

---

[2] Through the third quarter 2010.

[3] Link to October 5, 2010 proposal published at 75 FR 61563: *http://edocket.access.gpo.gov/2010/pdf/2010-24883.pdf*.

[4] The 2007 proposal kept intact the filing of Schedules CMR and HC through existing OTS filing processes. All other TFR Schedules would have been eliminated.

required of all FDIC-insured banks and savings associations. In addition, the agencies believe it is more efficient to have a common set of policies among all FDIC-insured entities regarding the management of interest rate risk. In this regard, beginning in 2012 savings associations would be expected to follow the same general supervisory policies and guidelines regarding sound practices for managing interest rate risk as required of commercial banks and State-chartered savings banks.[5] The Web links for the general interest rate risk management policies and guidelines of the agencies (other than the OTS) are as follows:

*http://www.ffiec.gov/press/ pr042398.htm*
*http://www.fdic.gov/news/news/press/ 2010/pr1002.pdf*
*http://www.fdic.gov/regulations/laws/ rules/5000-4200.html*
*http://www.fdic.gov/regulations/safety/ manual/section7-1_toc.html*
*http://www.federalreserve.gov/ boarddocs/SRLETTERS/1996/ sr9613.htm*
*http://www.federalreserve.gov/ BoardDocs/SupManual/trading/ 200901/3000p2.pdf*
*http://www.occ.gov/news-issuances/ bulletins/2010/bulletin-2010-1a.pdf*
*http://www.occ.gov/news-issuances/ bulletins/1998/bulletin-1998-20.html*
*http://www.occ.gov/static/publications/ handbook/irr.pdf*

### C. Report Preparation Training

Converting to the Call Report likely would require OTS-regulated savings associations to retrain report preparation staff. Training on the completion and preparation of these reports is offered on a regular basis by independent trade and professional organizations.

As stated above, the agencies will provide a "mapping" of TFR items to Call Report items to help reduce the initial burden of report conversion. There are some significant differences between the Call Report and TFR, examples of which are described below. Given these and other reporting differences, savings associations are encouraged to familiarize themselves with the Call Report instructions and seek training opportunities for report preparation staff as soon as possible. Web links to the Call Report forms and instructions are provided above in this notice.

---

[5] Other specific changes to existing savings association policies, procedures, rules, and regulations are expected to be made through separate notices—pursuant to the Paperwork Reduction Act or the Administrative Procedure Act—depending on the nature of the proposal.

Significant reporting differences between the TFR and the Call Report include the following:

1. In the TFR, data are reported for the quarter ending on the report date in Schedule SO—Consolidated Statement of Operations, the Summary of Changes in Savings Association Equity Capital in Schedule SI—Supplemental Information, Schedule VA—Consolidated Valuation Allowances and Related Data, and Schedule CF—Consolidated Cash Flow Information. In the comparable schedules of the Call Report, data are reported on a calendar year-to-date basis, regardless of an institution's fiscal year-end.

2. Previously submitted TFRs can be amended only for 135 days after the end of the quarter for which an amended report is being filed electronically. In general, amendments to previously submitted Call Reports can be filed for up to five years after the report date, including amendments required by an institution's primary Federal bank supervisory authority when a report as previously submitted contains significant or material errors.

3. In the Average Balance Sheet Data section of TFR Schedule SI—Supplemental Information, savings associations report average balance sheet data for the quarter that, at a minimum, must be computed based on balances at month-end. However, savings associations may choose to compute these data based on other than month-end balances, such as daily or weekly balances. In Call Report Schedule RC–K—Quarterly Averages, institutions must report averages on a daily or weekly basis only.

4. Savings associations can report specific valuation allowances in TFR Schedule VA–Consolidated Valuation Allowances and Related Data. Comparable reporting is not available in the Call Report. For example, for Call Report purposes, institutions take and report charge-offs on individual loans rather than creating specific valuation allowances.

### D. Timing

Savings associations currently regulated by the OTS would begin filing the Call Report as of the March 31, 2012 report date. Savings associations would file the same Call Report required of commercial banks and State-chartered savings banks not currently regulated by the OTS. Web links to the Call Report forms and instructions are provided above in this notice.

Savings associations will continue to submit TFRs, including Schedules HC and CMR (except as discussed above for Schedule CMR), through the December 31, 2011 reporting period, using the processing, editing, and validating system currently in use, which is the Electronic Filing System (EFS) established by the OTS. In addition, SLHCs would continue to submit all required regulatory reports under the current SLHC reporting scheme (including the submission of the OTS Form H–(b)11 and Schedule HC HOLA 10(l)) utilizing the existing OTS reporting processes through the December 31, 2011 reporting period.

Also beginning with the first quarter 2012 reporting period, according to plans, SLHCs currently regulated by OTS would start filing the same regulatory reports required to be filed by BHCs regulated by the Board. *See* the Board's separate Notice of Intent in today's **Federal Register** for more details.

### E. Filing Process

OTS-regulated savings associations use OTS-developed proprietary software to file TFRs. Call Reports for other FDIC-insured institutions are filed one of two ways, both using institution-acquired software. These two filing processes are described below:

1. An institution may use computer software to prepare its report and then submit the report directly to the FFIEC's Central Data Repository (CDR), an Internet-based system for data collection (*https://cdr.ffiec.gov/cdr/*); or

2. The institution may complete its reports in paper form and arrange with a software vendor or another party to convert its paper reports into an electronic format that can be processed by the CDR. The software vendor or another party then must electronically submit the data file containing the bank's Call Report to the CDR.

A list of vendors offering software meeting the technical specifications for producing Call Report data files that are able to be processed by the CDR can be found on the last page of the FFIEC's most recent quarterly Call Report Supplemental Instructions found at *http://www.ffiec.gov/ ffiec_report_forms.htm*. In addition, individual institutions may choose to develop their own Call Report preparation software that meets these technical specifications. The agencies will provide specific information on the requirements to those institutions that are interested in pursuing this option.

### Request for Comment

The agencies gave considerable thought to the timing of this proposal and reviewed the comments received by the OTS from the 2007 proposal. Commenters responding to that

proposal indicated a TFR-to-Call Report conversion would take three to six quarters. Hence, the agencies believe the proposed implementation of these reporting changes in the reports for the first quarter of 2012 would provide sufficient lead time and is therefore reasonable. Commenters who disagree with this assessment should specify why they believe they cannot meet that date and explain the time frame needed to comply with the proposed conversion.

Comments are invited on:

(a) Whether the proposed revisions to the collections of information that are the subject of this notice are necessary for the proper performance of the agencies' functions, including whether the information has practical utility;

(b) The accuracy of the agencies' estimates of the burden of the information collections as they are proposed to be revised, including the validity of the methodology and assumptions used;

(c) Ways to enhance the quality, utility, and clarity of the information to be collected;

(d) Ways to minimize the burden of information collections on respondents, including through the use of automated collection techniques or other forms of information technology; and

(e) Estimates of capital or start up costs and costs of operation, maintenance, and purchase of services to provide information.

In addition to the above, public comment is requested on all aspects of this joint notice. Comments submitted in response to this joint notice will be shared among the agencies. All comments will become a matter of public record.

Dated: January 19, 2011.

**Michele Meyer,**
*Assistant Director, Legislative and Regulatory Activities Division, Office of the Comptroller of the Currency.*

Board of Governors of the Federal Reserve System, February 2, 2011.

**Jennifer J. Johnson,**
*Secretary of the Board.*

Dated at Washington, DC this 24th day of January, 2011.

Federal Deposit Insurance Corporation.

**Robert E. Feldman,**
*Executive Secretary.*

Dated: February 2, 2011.

**Ira L. Mills,**
*Paperwork Clearance Officer, Office of Chief Counsel, Office of Thrift Supervision.*

[FR Doc. 2011–2779 Filed 2–7–11; 8:45 am]

**BILLING CODE 6720–01–P; 6714–01–P; 6210–01–P; 4810–33–P**

# FEDERAL DEPOSIT INSURANCE CORPORATION

# DEPARTMENT OF THE TREASURY

## Office of Thrift Supervision

### Proposed Agency Information Collection Activities; Comment Request

**AGENCY:** Federal Deposit Insurance Corporation (FDIC) and Office of Thrift Supervision (OTS), Treasury.

**ACTION:** Joint notice and request for comment.

**SUMMARY:** In accordance with the requirements of the Paperwork Reduction Act (PRA) of 1995 (44 U.S.C. chapter 35), the FDIC and the OTS (the "agencies") may not conduct or sponsor, and the respondent is not required to respond to, an information collection unless it displays a currently valid Office of Management and Budget (OMB) control number. The agencies are requesting public comment on their proposal to require savings associations currently filing data through the Branch Office Survey System (BOS) with the OTS to convert to filing data through the Summary of Deposits Survey (SOD) with the FDIC. The BOS and the SOD are currently approved collections of information. At the end of the comment period, the comments and recommendations received will be analyzed to determine the extent to which the agencies should modify their proposal prior to giving final approval. The agencies will then submit the proposal to OMB for review and approval.

**DATES:** Comments must be submitted on or before April 11, 2011.

**ADDRESSES:** Interested parties are invited to submit written comments to either or both of the agencies. All comments, which should refer to the OMB control number(s), will be shared between the agencies.

*FDIC:* You may submit comments, which should refer to "Summary of Deposits Survey, 3064–0061," by any of the following methods:

• *Agency Web Site: http://www.fdic.gov/regulations/laws/federal/propose.html.* Follow the instructions for submitting comments on the FDIC Web site.

• *Federal eRulemaking Portal: http://www.regulations.gov.* Follow the instructions for submitting comments.

• *E-mail: comments@FDIC.gov.* Include "Summary of Deposits Survey, 3064–0061" in the subject line of the message.

• *Mail:* Gary A. Kuiper, (202) 898–3877, Counsel, Attn: Comments, Room F–1072, Federal Deposit Insurance Corporation, 550 17th Street, NW., Washington, DC 20429.

• *Hand Delivery:* Comments may be hand delivered to the guard station at the rear of the 550 17th Street Building (located on F Street) on business days between 7 a.m. and 5 p.m.

*Public Inspection:* All comments received will be posted without change to *http://www.fdic.gov/regulations/laws/federal/propose.html* including any personal information provided. Comments may be inspected at the FDIC Public Information Center, Room E–1002, 3501 Fairfax Drive, Arlington, VA 22226, between 9 a.m. and 5 p.m. on business days.

*OTS:* You may submit comments, identified by "1550–0004 (Branch Office Survey System)," by any of the following methods:

• *Federal eRulemaking Portal: http://www.regulations.gov.* Follow the instructions for submitting comments.

• *E-mail address: infocollection.comments@ots.treas.gov.* Please include "1550–0004 (Branch Office Survey System)" in the subject line of the message and include your name and telephone number in the message.

• *Fax:* (202) 906–6518.

• *Mail:* Information Collection Comments, Chief Counsel's Office, Office of Thrift Supervision, 1700 G Street, NW., Washington, DC 20552, *Attention:* "1550–0004 (Branch Office Survey System)."

• *Hand Delivery/Courier:* Guard's Desk, East Lobby Entrance, 1700 G Street, NW., from 9 a.m. to 4 p.m. on business days, Attention: Information Collection Comments, Chief Counsel's Office, Attention: "1550–0004 (Branch Office Survey System)."

*Instructions:* All submissions received must include the agency name and OMB Control Number (1550–0004) for this information collection. All comments received will be posted without change to the OTS Internet Site at *http://www.ots.treas.gov/pagehtml.cfm?catNumber=67&an=1,* including any personal information provided.

*Docket:* For access to the docket to read background documents or comments received, go to *http://www.ots.treas.gov/pagehtml.cfm?catNumber=67&an=1.* In addition, you may inspect comments at the Public Reading Room, 1700 G Street, NW., by appointment. To make an appointment for access, call (202) 906–5922, send an e-mail to *public.info@ots.treas.gov,* or send a